# CHARLESTON.

STATE *v.* HELEN JARVIS *et al.*

(No. 6109)

Submitted April 24, 1928.        Decided May 1, 1928.

CRIMINAL LAW—*Where Only Inducement Offered by Officer to Promote Sale of Intoxicating Liquor is Willingness to Buy, Doctrine of Entrapment is Not Available to Seller.*

When the only inducement offered by an officer to promote a sale of liquor is willingness to buy, the doctrine of entrapment is not available to the seller.

(Criminal Law, 16 C. J. § 57.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Monongalia County.

Helen Jarvis and another were convicted of selling intoxicating liquor, and they bring error.

*Affirmed.*

*Lazzelle & Glasscock,* for plaintiffs in error.

*Howard B. Lee,* Attorney General, and *W. Elliott Nefflen,* Assistant Attorney General, for the State.

HATCHER, JUDGE:

The defendant was found guilty of selling intoxicating liquor. Officers Richardson and Shencks (partially disguised) went to her house in company with a man named McNemar. They found the defendant and Stanley Ludwick there. It seems that she and Ludwick are of foreign extraction. The manner in which the sale occurred is described by officer Richardson as follows: "We went into their home and Mc-Nemar—I gave him two $1.00 bills and he asked her for a drink of liquor and laid the bills on the table and she turned to Stanley and said something in their own language. * * * I think they were a little undecided at that point whether to let us have any or not. It took a good little bit. * * * Finally Mrs. Jarvis turned to McNemar and told us to go around front and Ludwick started for the basement and when he started Mrs. Jarvis picked up the two $1.00 bills, and told us * * * to come around in front of the house and we did and he did deliver the liquor. * * * As well as I remember there wasn't any amount asked for, but we * * * received one pint of liquor."

No evidence was offered by defendant, she invoking the doctrine of entrapment.

Entrapment may be defined as the inducement of one to commit a crime not contemplated by him for the mere purpose of instituting criminal prosecution against him. *U. S. v. Wray,* 8 Fed. (2d) 429. In order for a defendant to successfully invoke this doctrine, it must appear that the criminal intent—"the genesis of the idea"—was conceived by the entrapping person, and that the accused, without prior intention to commit the crime, was inveigled into its commission by the entrapper.

The evidence here does not sustain the defense of entrapment. The defendant was not plastic clay in the hands of the entrappers. She was not coerced, importuned or even

persuaded by them.  No favors were asked, promised or bestowed.  No confidence was violated.  The only inducement offered was willingness to buy.  It is not shown that the sale price was so exorbitant as to tempt defendant to do something unusual.  The transaction was an ordinary one of barter and sale.  Her act was not one of impulse, but was the voluntary and deliberate result of the conference with her confederate. The circumstances surrounding this sale warrant the inference that she would have made a like sale to any other person applying, not to her mind a probable informer.

Of course this particular sale would not have occurred except for the trap of the officers.·  But that artifice simply afforded the defendant an opportunity to do what she was evidently both willing and prepared to do.  While the officers furnished her the opportunity to violate the law, they were not responsible for her possession of the liquor she delivered nor for her apparent willingness to sell it.  That possession and the voluntary sale sufficiently indicate a prior intention on her part to thus violate the law upon occasion.  It is not the decoy of a criminal which public policy condemns, but the implanting of the germ of criminality, no matter how favorable the culture.  A clear distinction is to be drawn between a deception practiced to detect crime and one which creates crime.  The purpose of the deception here was obviously not primarily to incite an offense, but to ascertain whether the defendant was engaged in an unlawful business.  This purpose is held to be a sufficient answer to the argument that the act was done at the instigation of an agent of the Government.  *U. S.* v. *Pappagoda,* ·288 Fed. 214, 220; 8 R. C..L., sec. 105, p. 129.

The principles stated, the distinctions made, and the conclusions drawn are fully supported by the following decisions and authorities:  *U. S.* v. *Pappagoda, supra; City of Evanston,* 172 Ill. 266; *Salt Lake City* v. *Robinson,* 40 Utah 448, 455; *People* v. *Norcross,* 71 Cal. App. 2, 8; *Cosilito* v. *State,* 197 Ind. 705; *State* v. *Clifton,* 152 N. C. 800; *Moss* v. *State,* 4 Okla. 247, 251-2; *Commonwealth* v. *Wasson,* 42 Pa. Sup. Ct. 38, 57; Wharton Cr. Law, (11th Ed.) sec. 389; Bishop Cr. Law, (9th Ed.) sec. 926 z. c,; 16 C. J., sec. 57, p. 88-9:

Annotation 18 A. L. R. 146, 162. The conclusion of the able author of the authority last cited is as follows: "The great weight of authority supports the view that a person making an unlawful sale of liquor is not excused from criminality by the fact that the sale is induced for the sole purpose of prosecuting the seller."

Defendant offered two instructions on the law of entrapment, both of which were refused. No. 1 submitted the theory that defendant was without intention to commit crime, but was *lured* into the sale of the liquor "by entreaties on the part of State's witnesses, namely Richardson and Schenk". There is no evidence that the officers even spoke to defendant prior to the sale, much less *entreated* her. The only expression shown to have been made by McNemar was a bare request, containing no element of entreaty. No. 2 required the jury to exonerate defendant if it believed from the evidence that she would not have made the sale but for the "procurements and inducements of said Richardson and Schenk". The part played by the officers was not improper and defendant was not entitled to immunity by reason thereof. The instructions were properly refused. *State* v. *Piscioneri*, 68 W. Va. 76, 79-80. "Where an officer of the law induces a defendant to commit a criminal act not contemplated by him, a conviction is contrary to public policy; but, in a prosecution for a violation of the provisions of the Wright Act, an instruction based upon such rule of law is properly refused where the evidence does not tend to show that defendants were importuned or persuaded to violate any law, or that they did not hold themselves out as ready, able, and willing, to possess, sell, and deliver intoxicating liquor whenever the opportunity was presented." *People* v. *Norcross, supra,* pt. 5 syl.

Other points of error based on the hypothesis that there was no meeting of the minds on quantity of liquor and price, etc., and that no sale was made, are not well taken.

The judgment of the lower court is affirmed.

*Affirmed.*