ARTHUR G. JONES *vs.* DENTAL COMMISSION OF THE STATE OF CONNECTICUT.

First Judicial District, Hartford, March Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued March 7th—decided April 6th, 1929.

*Benjamin Slade,* for the appellant (plaintiff).

*Richardson Bronson,* with whom, on the brief, was *Benjamin W. Alling,* Attorney General, for the appellee (defendant).

MALTBIE, J. In 1926, § 2906 of the Chapter of the General Statutes dealing with the practice of dentistry provided that all unlicensed assistants who registered their names with the dental commissioners prior to October 1st, 1907, might continue to practice as assistants, provided they performed dental operations on patients in the office and in the immediate presence of a registered or licensed dentist and directly under

his supervision, but that the commissioners might cancel the registration of any person so practicing for any of the reasons set forth in § 2901. One of these reasons was a violation of any provision of the dentistry law. One of the provisions of that law forbade any person to engage in the practice of dentistry unless legally qualified or duly licensed by the commissioners to do so. General Statutes, § 2899. The appellant, as an unlicensed assistant, had registered his name with the dental commissioners prior to October 1st, 1907, and thereafter continued to practice dentistry under the terms of the statute. On June 10th, 1926, the commissioners cancelled his registration; he appealed to the Superior Court as authorized by the statute, and, the appeal being dismissed and the order of the commissioners being affirmed, he now has appealed to this court.

On January 27th, 1926, a private detective went to the office of a registered dentist where the appellant was located to get him to do some work for her. He did drill a tooth and sprayed it and directed her to return the next day for further treatment. This she did and then paid him $3 for his services. At the time he worked upon her tooth, no registered or licensed dentist was present and he acted without supervision by any such dentist. The appellant contends that this one item of work does not constitute the practice of dentistry so as to involve a violation of the statute. Under the definition given in *State* v. *Faatz*, 83 Conn. 300, 305, 76 Atl. 205, that would be so. But after that case was decided the legislature defined the practice of dentistry within the dental Act to be, among other things, the performance of any operation or the making of an examination with the intent to perform or cause to be performed any operation upon the human teeth or jaws. General Statutes, § 2910.

The appellant was clearly guilty of practicing dentistry within this definition. The effect of § 2906 was to establish an exception to the general prohibition against the practice of dentistry by any person not duly licensed, in favor of certain persons so long as they complied with the conditions stated. When the appellant was guilty of a breach of those conditions he forfeited his right to that exception and by his performance of the operation upon the teeth of the detective he violated the statute forbidding any person not duly qualified or licensed to practice. He was thus guilty of violating a provision of the dentistry law and the dental commissioners had authority to cancel his registration. That in the notice given to him and in their order they did not use terms of precision is not of consequence, as there is no claim, and could not well be, of any misunderstanding upon the part of the appellant as to the nature and basis of the proceeding or the grounds and effect of the order.

The appellant contends that the method of procuring the evidence upon the basis of which his registration was cancelled constituted an entrapment such that the proceedings ought to be dismissed. In order to present this claim more effectively he seeks some changes in the finding but none of these could be of any consequence, except that it does appear from the testimony of the detective herself that when she went to the office to secure the appellant to work upon her teeth she knew that the dentist in whose office he practiced was not there. The strongest case the appellant can make out is that knowing the appellant was alone in the office the detective went there to get him to do some work on her teeth and submitted herself to his ministrations, with a view to affording means for proceedings against him. Such conduct is not so repugnant to good morals and sound policy as to require the

dismissal of the proceedings based upon it; indeed, if it were not for similar conduct on the part of investigators employed by public authorities the conviction of persons notoriously guilty of offenses against the law would oftentimes be most difficult or impossible. *Grimm* v. *United States,* 156 U. S. 604, 610, 15 Sup. Ct. 470; *State* v. *Littooy,* 52 Wash. 87, 92, 100 Pac. 170; *People* v. *Liphardt,* 105 Mich. 80, 84, 62 N. W. 1022; *Dalton* v. *State,* 113 Ga. 1037, 39 S. E. 468; *Chicago* v. *Brendecke,* 170 Ill. App. 25, 27, 30; note, 18 A. L. R. 162.

There is no error.

In this opinion the other judges concurred.