**PRICE et al. v. UNITED STATES.**

**No. 4677.**

Circuit Court of Appeals, Seventh Circuit.

Feb. 8, 1932.

Alfred E. Roth, of Chicago, Ill., for appellants.

George E. Q. Johnson, U. S. Atty., and Mary D. Bailey, Asst. U. S. Atty., both of Chicago, Ill.

Before EVANS and SPARKS, Circuit Judges, and BALTZELL, District Judge.

BALTZELL, District Judge.

Appellants were charged by an indictment in two counts, first with the unlawful sale of narcotics, and second with facilitating the transportation and concealment of nar-

cotics after importation. There was a trial which resulted in the conviction and sentence of each appellant, trial by jury having been waived.

Appellant Price was part owner and night operator of a restaurant at 4407 Broadway, Chicago, Ill., on the 21st day of February, 1931, and had been for a considerable length of time prior thereto. On that date, Carson, a government agent, accompanied by one William Rose, visited this restaurant. Price had many years' experience, prior to his entry into the restaurant business, in the operation of saloons in various locations in the city of Chicago. During that time he had become acquainted with Rose and knew, at the time he and the narcotic agent visited his restaurant, that Rose was a drug addict and had been for many years. During their visit to the restaurant, Rose engaged Price in private conversation, saying that he was ill. Whereupon, Price informed him that he could get him anything he wanted. Rose asked him to get some morphine. An arrangement was made by Price whereby Rose was to return later in the evening, at which time Price would have the morphine for him. Rose returned to the restaurant about 11:30 o'clock that night and was informed by Price that the party had not yet arrived and that he would have to wait a few minutes. While Price and Rose were standing near the door of the restaurant talking, an automobile drove up and appellant Baltman got out and entered the restaurant, handing a package to Price containing an ounce of morphine. Rose then accompanied Price into the kitchen of the restaurant, where Price delivered to him the morphine which he had received from Baltman, collecting from Rose the sum of $75 therefor.

Appellants contend that they were not engaged in the unlawful traffic in narcotics; that they knew nothing about such traffic; that, in fact, they had never before handled morphine; and that they had procured it for Rose simply because of his illness and their belief that he needed it. They rely upon the defense of entrapment for a reversal of the District Court.

The only question, therefore, to be determined is whether or not the government did, through its agents, induce appellants to commit the offense charged in the indictment under such circumstances that it can now be said, as a matter of law, that it is estopped from prosecuting them for the commission of such offense.

There is a difference between entrapment and the use of informers or decoys by the government for the purpose of detecting crime. There are many instances where it is absolutely necessary to resort to the use of decoys for such purposes, and no criticism can be offered for such method. It has long been established that the use of decoys and informers is legitimate. Goode v. U. S., 159 U. S. 663, 16 S. Ct. 136, 40 L. Ed. 297.

If appellants were not law violators of the general character mentioned in the indictment and entertained no criminal intent before they were afforded the opportunity by the government agent and Rose to commit the offense, but such intent was placed in their minds solely by such agents, then the government is not in a position to prosecute them for the commission of such offense. Public policy forbids that agents, sworn to enforce the law, should seek to violate it, or that those whose duty it is to detect criminals, should seek to create them. If, on the other hand, however, appellants were ready and willing at and prior to the time of the commission of the offense to commit the same and lacked only the opportunity therefor, and the agent and informer simply provided such opportunity, then, under such circumstances, such acts on the part of the agent and informer cannot be said to be entrapment. It has been said in the case of Goldstein v. U. S. (C. C. A. 7th) 256 F. 813, 815, that: "Something more than the mere use of decoys or detectives by the government is necessary to raise an issue of estoppel. * * * There must be deception of such a character as to make it unconscionable for the government to press its case."

It is apparent that appellants were ready and willing to commit the offense charged, and that they were not induced to commit it solely because of the request of Rose. To this request appellants, without hesitation, acceded. In other words, the criminal intent was present in their minds before given an opportunity to carry it out, and when given that opportunity, they immediately responded. Under such circumstances, no one can seriously contend that they were entrapped. Casey v. U. S., 276 U. S. 413, 48 S. Ct. 373, 72 L. Ed. 632.

The judgment of the District Court is affirmed.