STATE OF CONNECTICUT *v.* WILLIAM MARQUARDT

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued April 2—decided May 20, 1952

1

*Rocco R. P. Perna,* for the appellant (defendant).

*Lorin W. Willis,* state's attorney, with whom, on the brief, was *Otto J. Saur,* assistant state's attorney, for the appellee (state).

BROWN, C. J. The defendant, after a trial to the jury, was convicted of making, recording and registering bets on horse races contrary to § 8672 of the General Statutes. He has appealed on the ground that the court erred in refusing to charge upon the defense of entrapment as requested. Whether the court should have submitted this issue to the jury is the sole question for determination.

The state's claims of proof may be thus summarized: On November 30, 1950, Smith, a state police officer who was not known as such in Greenwich, in civilian dress and assuming the name of Spellman, obtained a room at the Pickwick Arms, a hotel in that town. The defendant, who was employed there as a bellboy, knew that Smith was a guest but not that he was a police officer. On December 2, Smith asked the defendant if he would take a bet on a horse race. The defendant agreed and Smith gave him $10 on a specified horse which was entered in the sixth race at Tropical Park in Florida on that date. On December 8, Smith placed a similar bet for $5 and the defendant stated that he would take it to someone else to handle for him. He took it across the street

to James Sirbuono. On December 14, Smith placed another bet with the defendant, who immediately took it across the street and gave it to John Bennett. On December 15, the defendant accepted a similar bet from Smith for $10. After the first bet, the defendant went to Smith's room for the other bets so that the hotel management might not become aware of his activities. Smith was at all times acting under instructions of his superiors in the state police department in an effort to discover who was participating in the horse race betting in Greenwich and to obtain evidence against them.

These were the defendant's material claims: Prior to November 30, 1950, he was a doorman at the hotel and a complete stranger to Smith. On that day, Smith, who had received money from his superiors to bet on horse races, had no knowledge that the defendant took bets on horses. Smith initiated a discussion with the defendant about horse racing and inquired who would take a bet. The defendant replied that he did not take bets. On December 1, Smith again approached him and talked about taking bets on horse races. On December 2, he again approached the defendant and, persisting, coaxed and incited the defendant to accept $10 together with a slip of paper on which Smith had written the name of a horse, the race, the track and the time and signed it Spellman, and instructed the defendant to go out and place the money. For this service Smith gave the defendant a $1 tip. On December 8, Smith called the defendant to his room and again initiated discussion about taking bets on horse races. At this time the defendant tendered back to him the money and paper slip of December 2, but Smith refused to accept them. Instead, Smith coaxed, incited and aroused the defendant to hold the $10 with another

paper slip and to find someone with whom to place the wager. He again paid the defendant a tip of $1. On December 14, Smith again approached the defendant and did the same thing upon another bet and paid him another tip of $1. This was repeated by Smith on December 15, and he gave the defendant another tip of $1. Smith did these things to obtain evidence against anyone active in accepting bets on horse races. The defendant never conceived the idea of taking bets and never solicited any money for bets on horse racing. The defendant turned over to a newsboy whatever money he received from Smith to be placed as bets on horse racing.

The defendant requested the court to charge: (1) Entrapment may be defined as an inducement of one to commit a crime not contemplated by him, for the mere purpose of instituting criminal prosecution against him. (2) Where an officer of the law induces a defendant to commit a criminal act not contemplated by him, a conviction is contrary to public policy. (3) When an officer induces a person who has no intention of committing crime to violate the law, the courts will not lend their aid in the punishment of persons thus lured into committing the crime. It is unnecessary to recite the final request, designed to relate these principles to the instant case. The court refused these requests.

Entrapment has been well defined as "the inducement of one to commit a crime not contemplated by him for the mere purpose of instituting criminal prosecution against him." *State* v. *Jarvis*, 105 W. Va. 499, 500, 143 S.E. 235; *Sorrells* v. *United States*, 287 U.S. 435, 454, 53 S. Ct. 210, 77 L. Ed. 413; *United States* v. *Wray*, 8 F. 2d 429, 430. In certain crimes, consent to the criminal act by the person injured eliminates an essential element and therefore con-

stitutes a good defense. Except in such cases, the general rule is that, if the criminal intent or the willing disposition to commit the crime originates in the mind of the accused and the criminal offense is completed, the fact that the opportunity is furnished or the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him for it constitutes no defense. On the other hand, if the evil intent and the criminal design originate in the mind of the government agent and the accused is lured into the commission of the offense charged in order to prosecute him for it, when he would not have committed an offense of that general character except for the urging of the agent, no conviction may be had. 15 Am. Jur. 24, 25; notes, 18 A.L.R. 149, 66 A.L.R. 482, 86 A.L.R. 265; *Butts* v. *United States,* 273 F. 35, 38; *Newman* v. *United States,* 299 F. 128, 131; *Sorrells* v. *United States,* supra, 444; *People* v. *Finkelstin,* 98 Cal. App. 2d 545, 553, 220 P.2d 934; *Hoy* v. *State,* 53 Ariz. 440, 453, 90 P.2d 623; *State* v. *Decker,* 321 Mo. 1163, 1168, 14 S.W.2d 617; *State* v. *Jarvis,* supra; *Falden* v. *Commonwealth,* 167 Va. 549, 555, 189 S.E. 329. Among the suggested bases for the application of this principle is estoppel of the government by the acts of its officers on the ground of public policy, the courts stating that "they will not permit their process to be used in aid of a scheme for the actual creation of a crime by those whose duty is to deter its commission." *Sorrells* v. *United States,* supra, 454; *O'Brien* v. *United States,* 51 F.2d 674, 679. This court has never ruled upon entrapment as a defense in a criminal case. We did hold in a civil proceeding for the revocation of a dentist's license that the facts were insufficient to sustain such a defense. *Jones* v. *Dental Commission,* 109 Conn. 73, 76, 145 A. 570.

In an earlier case, in denying a decree of divorce
for adultery on the ground that the plaintiff's agent
had procured the defendant's misconduct, we applied
the principle which underlies the defense of entrap-
ment as above defined. *Dennis* v. *Dennis,* 68 Conn.
186, 196, 36 A. 34. Mr. Justice Roberts in his separ-
ate opinion in *Sorrells* v. *United States,* supra, 445,
observes: "The doctrine of entrapment in criminal
law is the analogue of the same rule applied in civil
proceedings."

It clearly appears from the statement of the con-
trolling principle that the vital factor in determining
if there has been an entrapment is whether the ac-
cused was induced by the urging of a government
agent to commit a crime which he would not other-
wise have perpetrated. This is emphasized in the
courts' opinions. "If officers of the law induce an
innocent person to instigate a crime which he would
not otherwise commit, this is entrapment and may
constitute a defense to the crime charged [citing the
*Sorrells* case]. If, on the other hand, officers of the
law by the use of feigned accomplices apprehend
one who is engaging in a crime without their insti-
gation or inducement, there is no entrapment and
the use of such evidence is not a defense to the crime
charged." *State* v. *Del Bianco,* 96 N.H. 436, 438, 78
A.2d 519. "But there is a very clear distinction be-
tween inducing a person to commit a crime, and set-
ting a trap to catch him in the execution of criminal
designs of his own volition. It is the general rule,
therefore, that when the doing of a particular act is
a crime, regardless of the consent of any person,
if the criminal intent originates in the mind of the
accused and the criminal offense is completed by
him, the fact that the opportunity for the crime is
furnished, or that the accused is even aided in the

commission of the crime in order to secure the evidence necessary to prosecute him therefor, constitutes no defense." *Hoy* v. *State*, 53 Ariz. 440, 453, 90 P.2d 623. "The test . . . turns upon the issue of inducement. If the accused entertained the criminal intent before he was afforded the opportunity to violate the law, he is in no position to plead estoppel. . . . It is the fact that one was induced to act in a manner in which he would not otherwise have acted, by the inducement of another, that makes applicable the doctrine of estoppel." *O'Brien* v. *United States*, 51 F.2d 674, 679, and see many state and federal cases collected in note, 678.

The defense of entrapment may be asserted under a not guilty plea. *Sorrells* v. *United States*, 287 U.S. 435, 452, 53 S.Ct. 210, 77 L. Ed. 413. Filing a request to charge is a proper way of raising the issue. *United States* v. *Pappagoda*, 288 F. 214, 215. Where there is evidence on the issue of entrapment as to which reasoning minds might disagree, the question is one of fact to be submitted to the jury. *Peterson* v. *United States*, 255 F. 433, 436; *State* v. *Decker*, 321 Mo. 1163, 1168, 14 S.W.2d 617; *Sorrells* v. *United States*, supra, 452; *People* v. *Gallagher*, 107 Cal. App. 425, 428, 290 P. 504. Accordingly, where there is such a conflict of evidence and the defense of entrapment is claimed, the question must be submitted to the jury for solution. *Falden* v. *Commonwealth*, 167 Va. 549, 556, 189 S.E. 329; *Butts* v. *United States*, 273 F. 35, 38.

In the case before us, whether the defendant was entitled to have the issue of entrapment submitted to the jury is to be determined by the claims of proof. Those of the defendant provide substantial support for his contention that he was induced by Smith to commit a crime in which he would not have en-

gaged except for such inducement. They indicate
that he had never concieved the idea of taking bets
nor solicited bets on horse racing and that Smith was
the one who not only first broached to him the sub-
ject of taking bets but persisted, after being repell-
ed, and on subsequent dates coaxed and lured the
defendant into accepting money and finding someone
with whom to place it as a wager, and who on each
of four different occasions paid him $1 for so doing.
While these claims of the defendant are of course in
no sense proof of a defense of entrapment, they do
suffice to determine whether the court should have
submitted the issue of that defense to the jury. The
defendant's requests were adequate to properly raise
the issue. Therefore the court erred in failing to
submit it to the jury.

It is a well-known fact that criminals usually work
in secrecy and that some unlawful practices are en-
couraged and protected by a large class of citizens,
so that it often becomes necessary to resort to vari-
ous artifices to enforce the law and punish its viola-
tion. 15 Am. Jur. 24, § 335. Therefore, lest our
decision in this case be misconstrued as an undue
curtailment of the activities of enforcement officers,
we give this reassurance: The principle referred to
as entrapment places no limitation upon the right of
officers of the law to obtain evidence of any crime
originating in the mind of another. The defense of
entrapment is available only to a person who is not
engaged in criminal activities and who would have
committed no crime had it not been for the induce-
ment of a police officer. *O'Brien* v. *United States,* 51
F.2d 674, 677.

There is error, the judgment is set aside and a
new trial is ordered.

In this opinion the other judges concurred.