**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Johnny CARTER, Defendant-Appellant.**

**No. 14089.**

United States Court of Appeals
Seventh Circuit.

Dec. 31, 1963.

**352**

Donald J. LaVarre, Chicago, Ill., for appellant.

Frank E. McDonald, U. S. Atty., John Powers Crowley, Asst. U. S. Atty., James P. O'Brien, U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Atty., of counsel, for appellee.

Before SCHNACKENBERG, CASTLE and KILEY, Circuit Judges.

CASTLE, Circuit Judge.

Johnny Carter, the defendant-appellant, was convicted following a trial before the court without a jury on a six-count indictment charging offenses [1] relating to the unlawful transfer, sale and possession of narcotics on two specific occasions some four months apart. He was found guilty on all six counts and a general sentence of imprisonment for a period of six years was imposed. Defendant's appeal is prosecuted *in forma pauperis*.

Defendant's sole contention is that the judgment order of the District Court should be reversed on the ground that the record establishes entrapment as a matter of law.

In resolving the issue raised by defendant's contention we must view the evidence in a light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; United States v. Coduto, 7 Cir., 284 F.2d 464. As a reviewing court it is not our function to weigh the evidence and determine credibility of witnesses. United States v. Jones, 7 Cir., 302 F.2d 46; United States v. Ziemer, 7 Cir., 291 F.2d 100. An examination of the record reveals testimony of government witnesses clearly sufficient to warrant the trial court in finding that the defendant acquired, possessed, transferred, sold and delivered marihuana and cocaine as charged in the indictment. The testimony of government narcotic agents and a government informer as to these activities is direct and positive. The sales and deliveries involved were in each case made to a government narcotic agent pursuant to previous arrangements between the defendant and the informer. The predisposition of the defendant to commit the offenses is equally supported by the record. There is testimony of conversations in which the defendant gave assur-

---

1. Violations of 26 U.S.C.A. § 4742(a), 26 U.S.C.A. § 4744(a) and 21 U.S.C.A. § 176a are charged in connection with the transfer, acquisition and possession of marihuana on December 6, 1961. Viola-tions of 26 U.S.C.A. § 4705(a), 26 U.S.C.A. § 4704(a) and 21 U.S.C.A. § 174 in connection with the sale and possession of cocaine on April 12, 1962 are charged.

ances as to the quality of the narcotics he handled and vouched for accuracy of measure as to the quantity supplied—that he "measured the stuff himself". Such assurances are not the indicia of circumstances in which an innocent victim is being entrapped. Moreover, defendant's trial testimony in which he denied the marihuana transaction is inconsistent with a claim of entrapment on that occasion. United States v. Kaiser, 7 Cir., 138 F.2d 219, 220.

■ Defendant's claim of entrapment with respect to the cocaine transaction is based on his testimony that the government informer-witness approached him at the Post Office, where both were employed, and told him that a cousin of the witness was in need of narcotics but that the witness did not want his cousin to know he was peddling narcotics and requested defendant to assist him in the transaction; that although money was passed between defendant, the informer-witness, and a government agent (represented to be the "cousin") no possession, sale or delivery of narcotics by the defendant took place—that defendant had never sold narcotics to anyone. It is apparent from the remarks made by the trial judge at the time of sentencing that the court gave no credence to this testimony of the defendant but characterized it as perjury. But, apart from these express remarks of the trial judge, the court's finding of guilt, in itself, involved a determination of credibility which is binding on review.

■ Defendant's reliance on cases such as Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 is misplaced. The credibility determination inherent in the finding of guilt leaves only for our consideration a situation where the government witnesses merely afforded defendant an opportunity which the defendant embraced. And such conduct does not constitute entrapment as a matter of law. United States v. Stocker, 7 Cir., 273 F.2d 754, 756. See also Price v. United States, 7 Cir., 56 F.2d 135, 136 and the general principles of the law on entrapment expressed in the cases collected in United States v. Perkins, 7 Cir., 190 F.2d 49.

The judgment order of the District Court is affirmed.

Mr. Donald J. LaVarre of the Chicago Bar represented the defendant on this appeal as court-appointed counsel. We commend him for his services in this connection.

Affirmed.