STATE OF CONNECTICUT *v.* GILBERT AVERY

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued April 7—decided May 25, 1965

*Vincent Villano,* for the appellant (defendant).

*George R. Tiernan,* assistant state's attorney, with whom, on the brief, was *Arthur T. Gorman,* state's attorney, for the appellee (state).

COMLEY, J. The defendant has appealed from his conviction by a jury on two counts of policy playing in violation of General Statutes § 53-298.

The state's claims of proof may be briefly summarized as follows: About eight times between July 17 and July 27, 1963, an officer of the New Haven police department, not in uniform, visited the restaurant where the defendant was employed as a bartender. He observed no signs of gambling. On one occasion he asked the defendant to place a bet on a horse. The defendant refused, saying that the track was too far away. On July 27, 1963, the officer asked whether he could place a bet on a lottery number. The defendant nodded in the affirmative, took the dollar bill which the officer gave him and wrote the number designated by the officer on the light part of the bill. On August 3, 1963, the same officer again asked the defendant to accept a bet on a number. The defendant agreed and took the money.

The defendant, in his claims of proof, denied taking any money from the officer or placing either of the bets. He also denied that he knew what a lottery or lottery bet was or the manner in which a winning number was determined.

The defendant claims that his request to charge on the doctrine of entrapment should have been granted. In *State* v. *Marquardt,* 139 Conn. 1, 4, 89 A.2d 219, quoting *State* v. *Jarvis,* 105 W. Va. 449, 500, 143 S.E. 235, entrapment was defined as " 'the inducement of one to commit a crime not contemplated by him for the mere purpose of instituting

criminal prosecution against him.'" We were careful to point out in that case (p. 8) that "[t]he defense of entrapment is available only to a person who is not engaged in criminal activities and who would have committed no crime had it not been for the inducement of a police officer." Also, the recital of the facts in that case indicate that by "inducement" is meant more than a simple request to break the law. Those facts showed persistent and repeated requests designed to incite and arouse the accused and, also, that the requests were accompanied by the payment of sums of money to the accused, referred to as "tips".

There are two cases in Connecticut in which we discussed when a charge to the jury on the subject of entrapment is required. *State* v. *DaVila,* 150 Conn. 1, 183 A.2d 852; *State* v. *Marquardt,* supra. In each case, we recognized that the charge is to be tested by the findings, and we looked to the claims of proof to see if a charge on entrapment was required. In each of those cases, the accused admitted the commission of a crime. In the case now before us, however, the defendant's claims of proof do not admit the commission of a crime; rather, they indicate a complete denial of any connection with the crime. Thus, the claims of proof do not require a charge on entrapment. See note, 61 A.L.R.2d 677.

After the jury reported an inability to agree, the court gave them the customary instruction originally approved in *State* v. *Smith,* 49 Conn. 376, 386. This procedure gave the defendant no just cause for complaint. *State* v. *Walters,* 145 Conn. 60, 64, 138 A.2d 786; *State* v. *Wyman,* 118 Conn. 501, 507, 173 A. 155; *State* v. *Mosca,* 90 Conn. 381, 385, 97 A. 340.

As pointed out, the court did not grant the defendant's request to charge on the doctrine of entrapment. At the same time that the court gave the approved charge from *State* v. *Smith,* supra, the court remarked to the jury, however, that possibly their inability to reach a verdict was due to the argument made by the defendant's counsel about entrapment and that, if that were so, they should dismiss the subject from their minds since the defense of entrapment was inconsistent with the testimony of the defendant that he had not done the acts which the state claimed to have proved and therefore entrapment was not involved in the case. In view of what we have said above, this comment was fair. The issue of entrapment was improperly injected into the case by the defendant's counsel. The defendant cannot now complain where the court, after sensing the confusion of the jury, attempted to clarify the issues.

The defendant also claims that the court erred in failing to charge that the state must prove an intent on his part to commit the crime with which he was charged. The court gave an unexceptionable charge on the subject of general criminal intent. This charge was sufficient since there is no specific intent required as an element of the crime of policy playing as defined in General Statutes § 53-298. *State* v. *Guerra,* 151 Conn. 159, 165, 195 A.2d 50; *State* v. *Dennis,* 150 Conn. 245, 250, 188 A.2d 65; *State* v. *Litman,* 106 Conn. 345, 352, 138 A. 132.

The other assignments of error do not merit discussion.

There is no error.

In this opinion the other judges concurred.