STATE OF CONNECTICUT *v.* CHARLOTTE ALLEN

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued June 6—decided July 20, 1967

*John M. Brannelly,* special public defender, with whom, on the brief, were *Andrew D. Cretella* and *Harold A. Bochino,* for the appellant (defendant).

*Joseph T. Gormley, Jr.,* assistant state's attorney, with whom, on the brief, was *Otto J. Saur,* state's attorney, for the appellee (state).

ALCORN, J. The defendant was charged, in an information filed by the state's attorney, with the crime of having heroin, a narcotic drug, under her control in violation of § 19-246 of the General Stat-

utes. Before trial, she made a motion "that the evidence of narcotics obtained by the police on December 4, 1964, be suppressed by reason of the lack of existence of a proper search and seizure warrant". The motion was not phrased, as it should have been, in the manner required by § 54-33f of the General Statutes.[1] The statute clearly specifies the five reasons on which a motion to suppress may be grounded and directs the court to hear evidence on any issue of fact necessary to a decision of the ground raised. The defendant's allegation would appear to assert ground (1) under the statute. As will later appear, it actually sought to invoke ground (4), but the allegation made utterly failed to inform the court of the real basis for the motion. The court *(Leipner, J.)* held a hearing on the motion, however, at which the defendant was permitted to offer evidence in support of her actual claim, following which it denied the motion. The defendant entered a plea of not guilty and elected trial by the court. At the conclusion of the trial,

---

[1] "Sec. 54-33f. MOTION FOR RETURN OF PROPERTY. A person aggrieved by search and seizure may move the court which has jurisdiction of his case or, if such jurisdiction has not yet been invoked, then the court which issued the warrant, for the return of the property and to suppress for use as evidence anything so obtained on the ground that: (1) The property was seized without a warrant, or (2) the warrant is insufficient on its face, or (3) the property seized is not that described in the warrant, or (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued, or (5) the warrant was illegally executed. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be restored unless otherwise subject to lawful detention and it shall not be admissible in evidence at any hearing or trial. The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing."

the court *(MacDonald, J.)* adjudged her guilty and imposed a sentence of imprisonment. In this appeal error is assigned on matters arising during the trial and also on the denial of the motion to suppress.

There are two findings, one relating to the hearing on the motion to suppress and the other relating to the trial. The defendant assigns error in the substance of both findings, but no correction of the subordinate facts or conclusions in either finding can be made which would be of advantage to her. The assignments of error which are basic to the appeal attack the denial of the motion to suppress, certain rulings on evidence during the trial, and the trial court's conclusions that there was no entrapment and that the defendant was guilty of the crime charged beyond a reasonable doubt.

## I

The errors assigned in the denial of the motion to suppress amount in substance to an attack on a search warrant obtained by the police. The grounds urged were that the sworn application on the basis of which the warrant was issued was defective, that the warrant itself was altered after it was issued, and that a search conducted by the police without a warrant was illegal. The defendant had the burden of proof on the motion. *State* v. *Mariano,* 152 Conn. 85, 91, 203 A.2d 305, cert. denied, 380 U.S. 943, 85 S. Ct. 1025, 13 L. Ed. 2d 962. From the evidence introduced at the hearing on the motion the court found as follows: Arthur J. Davis was under arrest by the Bridgeport police. In a conversation with the police, Davis told them that he had gone to New York with the defendant on previous occasions and indicated a willingness to go there with her again to purchase narcotics. Following this conver-

sation, and on the same day, a police captain applied to the Circuit Court for a warrant to search the defendant's house. Later that same day, the officer "called the Circuit Court and had two automobiles . . . added to the application for search warrant and the warrant itself before the warrant was completely made out." The warrant was received by the police the next morning, and, on that same morning, Davis drove the defendant, at her request, to New York, with the Bridgeport police following in another car. Mrs. Davis and another woman rode with Davis and the defendant. The defendant purchased narcotics in New York with money which she had brought with her. The police who were following the Davis car lost sight of it in New York and returned to Bridgeport. All of the occupants of the Davis car except Mrs. Davis indulged in some of the narcotics in New York, and then the group returned to Bridgeport. En route, Mrs. Davis telephoned from Darien to the Bridgeport police to advise them that the group was on its way to the defendant's home. On arriving in Bridgeport, however, Davis drove, instead, to his own home because the group had been warned by a third party that the police were waiting at the defendant's home, and they had decided not to go there. The narcotics which the defendant had purchased were taken into the Davis home, which the group entered and where they spent about a half hour. While they were there, Mrs. Davis, from a telephone in another part of the building, notified the police of their whereabouts. After the half-hour stay in the Davis home, the three women returned to the Davis car, which was parked about fifty yards away. The police, who were waiting nearby with the search warrant, went to the Davis car on receiving word that the defend-

ant was in it, ordered her out of the car and found a brown bag containing several glassine envelopes on the floor of the car where the woman who was with the defendant and Mrs. Davis had dropped it.

The search warrant and the application for it were offered in evidence. The application, which was sworn to before a judge of the Circuit Court by an assistant prosecuting attorney of that court on November 3, 1964, set forth, as the grounds for its issuance: "Reliable information received by Captain John J. Carroll, Special Services Division, Bridgeport Police Department, from an informant who has given reliable information in the past, and from surveillance by members of the Special Services Division, Bridgeport Police Department." The warrant itself, after reciting the quoted language as the grounds for its issuance, commanded a search of "first floor (left), premises located at 982 Wordin Avenue, Bridgeport, Connecticut, and occupied by Charlotte Allen. Also Conn. Reg. 570-134 Also Conn. Reg. 867-578." The items to be searched for were narcotics and allied paraphernalia.

Number 652 of the 1963 Public Acts, which governed the issuance of the warrant, provided, in substance (§§ 1, 3) that it should issue only on an affidavit sworn to by a state's attorney, a prosecuting attorney or any two credible persons before a judge of the Superior Court or the Circuit Court "establishing the grounds for issuing the warrant". The statute then provided (§ 3) that the warrant should issue "[i]f the judge is satisfied that grounds for the application exist or that there is probable cause to believe that they exist". The statute took its present form in No. 439 of the 1965 Public Acts (General Statutes § 54-33a), the provisions of which contain the language quoted.

The language of the statute indicates the purpose intended to be served by the affidavit. That purpose is to enable the issuing authority to weigh the persuasiveness of the facts relied upon by the affiant or complainant and, from them, to determine whether the necessary probable cause exists for the issuance of the warrant. *Giordenello* v. *United States,* 357 U.S. 480, 486, 78 S. Ct. 1245, 2 L. Ed. 2d 1503; *State* v. *DeNegris,* 153 Conn. 5, 8, 212 A.2d 894. The issuing authority must determine for himself the persuasiveness of the facts relied on to show probable cause. *Aguilar* v. *Texas,* 378 U.S. 108, 114, 84 S. Ct. 1509, 12 L. Ed. 2d 723. Consequently, the recital of the underlying circumstances contained in the affidavit or sworn complaint must be sufficient to permit the issuing authority to perform this independent function. *United States* v. *Ventresca,* 380 U.S. 102, 109, 85 S. Ct. 741, 13 L. Ed. 2d 684; *State* v. *DeNegris,* supra. Neither the recital that the affiant had information from a reliable informant nor the statement that there had been surveillance, without sufficient indication of the result of that surveillance, gave the judge of the Circuit Court adequate information to determine for himself whether probable cause for the issuance of the warrant existed. *Aguilar* v. *Texas,* supra, 109, 115; *State* v. *DeNegris,* supra, 9. It necessarily follows that the search warrant, having been issued on insufficient grounds, was illegal. This conclusion makes inconsequential the defendant's further claim, which she failed to prove to the court's satisfaction, that the warrant was altered after it was signed.

While no point is made of the fact by the defendant, we are constrained to notice the inept language of the warrant itself. A directive to search "Also

Conn. Reg. 570-134 Also Conn. Reg. 867-578" can hardly be considered as identifying objects of search with the precision required in a search warrant.

The Superior Court does not appear to have reached a conclusion as to the legality of the search warrant. It concluded only that the police "obtained a search warrant", the affidavit for which "was based on personal surveillance of the defendant's home by members of the Special Service Division of the Bridgeport Police Department and by information supplied by a previously reliable informant, Arthur Davis." The court went on to conclude, however, that, at the time of the search, the police had reasonable grounds to believe that the defendant "was committing or had just committed a felony" and that they were acting on the speedy information of others. It then denied the motion to suppress. Whether this issue was within the ambit of the motion to suppress as it was phrased may be open to question. The parties and the court have treated it as included, however, and, since this is so, we shall do likewise.

The crime with which the defendant is charged is a felony. General Statutes §§ 1-1, 19-265; *Martyn* v. *Donlin,* 151 Conn. 402, 410, 198 A.2d 700. A member of an organized local police department is authorized to arrest, without previous complaint and warrant, any person who the officer has reasonable grounds to believe has committed or is committing a felony. General Statutes § 6-49. "Probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution to believe that a felony had been committed." *State* v. *Wilson,* 153 Conn. 39, 42, 212 A.2d

75; *State* v. *DelVecchio,* 149 Conn. 567, 575, 182 A.2d 402. The amount of evidence necessary to furnish probable cause for such an arrest must be measured by the facts of the particular case, and it need not be evidence sufficient to convict. *Wong Sun* v. *United States,* 371 U.S. 471, 479, 83 S. Ct. 407, 9 L. Ed. 2d 441. Under the facts as found by the court, the Bridgeport police had probable cause to arrest the defendant without a warrant. *McCray* v. *Illinois,* 386 U.S. 300, 304, 87 S. Ct. 1056, 18 L. Ed. 2d 62; *Henry* v. *United States,* 361 U.S. 98, 102, 80 S. Ct. 168, 4 L. Ed. 2d 134; *Draper* v. *United States,* 358 U.S. 307, 310, 79 S. Ct. 329, 3 L. Ed. 2d 327.

A reasonable search which is incident to a lawful arrest is not unlawful even though it is conducted without a search warrant. *State* v. *Hassett,* 155 Conn. 225, 232, 230 A.2d 553; *State* v. *Elliott,* 153 Conn. 147, 152, 215 A.2d 108; *State* v. *Collins,* 150 Conn. 488, 492, 191 A.2d 253. When the police ordered the defendant out of the Davis car and interfered with her liberty of movement, the arrest, under the circumstances of this case, took place. *Henry* v. *United States,* supra, 103. Whether, under the facts of this case, an actual search was made incident to that arrest or whether the officers "merely saw what was placed before . . . [them] in full view"; *Ker* v. *California,* 374 U.S. 23, 43, 83 S. Ct. 1623, 10 L. Ed. 2d 726; is arguable. The court determined that the officers "found" the brown paper bag on the floor of the car where the defendant's companion had dropped it. There is no express finding as to what the police did from which it would appear that a search, as that term is commonly understood, took place. In its context, the word "found" might connote "discovered", "saw", "re-

moved" or the like without doing violence to the court's description of what occurred. If we assume, however, that the circumstances amounted to what the court concluded was a search, it was, in our judgment, a search incident to a lawful arrest and therefore was not illegal even though made without a valid warrant. *United States* v. *Rabinowitz,* 339 U.S. 56, 60, 70 S. Ct. 430, 94 L. Ed. 653; *Harris* v. *United States,* 331 U.S. 145, 67 S. Ct. 1098, 91 L. Ed. 1399; *Marron* v. *United States,* 275 U.S. 192, 198, 48 S. Ct. 74, 72 L. Ed. 231; *State* v. *Miller,* 152 Conn. 343, 347, 206 A.2d 835.

## II

In the finding of the trial court certain significant facts appear in addition to those found by the court which heard the motion to suppress. Among them are the following: The conversation between Davis and the police prior to the trip to New York concerned the fact that the defendant was selling narcotics. Davis had made about twenty trips to New York with her during the preceding three months. He agreed to cooperate with the police by again taking her to New York to buy narcotics if that situation should develop. The trip involved in this case was taken at the defendant's own request, which she made by telephone to Mrs. Davis and which Mrs. Davis in turn conveyed to Davis. The defendant took $75 with her which had been supplied by drug addicts and which she extracted from beneath a rug in her home. In New York she purchased narcotics contained in twenty-five glassine envelopes wrapped in a small package. The contents of four of the glassine envelopes were later tested and found to contain a mixture of heroin and quinine. All but Mrs. Davis "shot up" with the contents of

some of the glassine envelopes in New York and again after returning to the Davis home. During the return trip from New York, the defendant's companion, Irene Erby, carried the narcotics which the defendant had purchased. After indulging for the second time at the Davis home, the package containing the remainder of the original purchase was hidden under the porch of the Davis home until Mrs. Davis retrieved it and delivered it to the defendant in the Davis car at the defendant's direction. The defendant then handed the package to Miss Erby, who placed it on the floor of the car where the police found it. When the police converged on the car near the Davis home, they knew that narcotics had been purchased in New York.

The defendant's claim that the court erred in concluding that there was no entrapment may be briefly disposed of. The facts recited negate the existence of any entrapment. Entrapment is not a valid defense unless the criminal design arises in the mind of the police. *State* v. *Taylor*, 153 Conn. 72, 84, 214 A.2d 362, cert. denied, 384 U.S. 921, 86 S. Ct. 1372, 16 L. Ed. 2d 442. The defense is available only to one who is not engaged in criminal activities and who would have committed no crime had it not been for the inducement of a police officer. *State* v. *Avery*, 152 Conn. 582, 584, 211 A.2d 165; *State* v. *Marquardt*, 139 Conn. 1, 4, 89 A.2d 219. The finding clearly indicates that the intent to commit this crime originated in the mind of the defendant.

The defendant assigns error in the admission into evidence of a white envelope (exhibit A) containing the glassine envelopes and their contents which were found in the car and of a brown envelope (exhibit B) in which the police had placed exhibit A. A claim of error in the admission of evidence must

be tested by the finding. Practice Book § 648; *State* v. *Harris,* 147 Conn. 589, 599, 164 A.2d 399. No ruling whatever concerning these exhibits is set forth in the finding. The finding contains no recital of what, if any, objection was made at the time the exhibits were offered. We are unable to determine from the finding whether the claim now made concerning these exhibits was ever advanced in and passed upon by the trial court. The defendant's failure to comply with § 648 of the Practice Book makes it impossible for us to consider this assignment of error. *Molk* v. *Micklewright,* 151 Conn. 606, 610, 201 A.2d 183; *Dargie* v. *Hartford,* 150 Conn. 261, 263, 188 A.2d 491.

The defendant also assigns error in the exclusion of testimony concerning the substance of a certain conversation. This assignment is subject to the same defect as that relating to exhibits A and B. In addition, it is not briefed and is therefore considered abandoned. *State* v. *Stallings,* 154 Conn. 272, 276, 224 A.2d 718; *Labbadia* v. *Bailey,* 152 Conn. 187, 190, 205 A.2d 377.

The final claim is that the court erred in concluding that the defendant was guilty of the crime charged beyond a reasonable doubt. This claim must be tested by a review of the evidence printed in the appendices to the briefs. *State* v. *Carroll,* 152 Conn. 703, 204 A.2d 412. It is quite unnecessary to lengthen this opinion by adding to the facts already related all further details disclosed by that review. We add only the fact that heroin not only was described as a narcotic drug by an expert at the trial but also is declared to be a narcotic within the prohibition of the statute. General Statutes § 19-244 (11), (14). Beyond this, the substance of the essential circumstances which the court

could properly find to have been proved already appear. It is therefore sufficient to say that we have reviewed the evidence printed in the appendices to the briefs, and from that review we conclude that, on all the evidence, the court could properly adjudge that the defendant was, beyond a reasonable doubt, guilty of the crime charged.

There is no error.

In this opinion the other judges concurred.