STATE OF CONNECTICUT *v.* WILLIAM BEALL

CIRCUIT COURT            FIFTH CIRCUIT
FILE No. CR 5-12794

Memorandum filed August 27, 1968

*George Yudkin,* assistant prosecuting attorney, for the state.

*Pasquale Pepe,* of Ansonia, for the defendant.

NORTON M. LEVINE, J. Defendant was arrested on charges of breaking and entering with criminal intent (General Statutes § 53-76) and larceny (General Statutes § 53-63) in the sum of $5000. Both offenses are felonies. Defendant filed a motion for a bill of particulars, and a second motion to quash and vacate the arrest warrant, and to dismiss the information.

## I

### BILL OF PARTICULARS

The first three paragraphs of the motion for bill of particulars were granted, on the consent of the state. The fourth paragraph seeks the present location of the articles alleged to have been stolen. There was no showing that information as to the present location would help materially in the preparation of the defense. The court has not been supplied with any authority for compelling the state to divulge this item.

The fourth paragraph of the motion for bill of particulars is denied.

## II

### MOTION TO QUASH WARRANT

The motion to quash alleges that the arrest warrant, ordered by a judge, was issued without sufficient probable cause, and in violation of defendant's rights, under the United States and Connecticut constitutions.

Defendant urges that Detective Sergeant Mancini of the Derby police department, who made the application, based the same on information received from the New Haven police, through an informant, who first stated that a theft was about to take place at a store of the B. F. Goodrich Company in Derby. A theft took place shortly thereafter. Subsequently, the New Haven police informed Sergeant Mancini that defendant had been involved in the breaking and entering, in the course of which ten color television sets had been stolen. One had already been recovered by the New Haven police. Acting on the information received from the New Haven police, the Derby police procured the warrant and arrested defendant.

Defendant's chief claim was that there was no legal "probable cause"; that Sergeant Mancini based his application upon hearsay information from the New Haven police; and that this substantial reliance on hearsay information, without any independent investigation of the facts, nullified the warrant.

Hearsay information, according to the authorities, may be used as a valid basis for the court to conclude that there was probable cause for issuance of a warrant. *United States* v. *Kancso*, 252 F.2d 220, 233. "Probable cause" is a practical, nontechnical conception, and its components vary from case to case. *Hernandez* v. *United States*, 353 F.2d 624, 628. It is settled that "probable cause" is to be

evaluated on the basis of the collective information of all the police involved (New Haven and Derby) rather than the efforts merely of the Derby officer who actually performed the act of arrest. *Smith* v. *United States,* 358 F.2d 833, 836–37. It is therefore clear that Sergeant Mancini had obtained reliable information from an authentic source, to wit, a fellow police officer, within the state of Connecticut. In so doing, he was following a common practice in police work, and one which is constitutionally permissible. Second, Sergeant Mancini's actions were reasonable and logical, considering all the circumstances leading to his application for a warrant. "Probable cause" exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient, in themselves, to warrant a man of reasonable caution to believe that a felony has been committed. *State* v. *Wilson,* 153 Conn. 39, 42.

It is, therefore, concluded that there was probable cause for the application and issuance of the arrest warrant.

In this connection, the court agrees with the state's contention that even if the warrant should be voided for alleged lack of probable cause, this would not necessarily block arrest and prosecution of defendant. See General Statutes § 6-49 (authorizing arrest for felonies without a warrant); *State* v. *Allen,* 155 Conn. 385, 393; *State* v. *Wilson,* supra, 41. In *United States* v. *White,* 342 F.2d 379, 382, the court said: "[W]e think in this case that the arresting officers had sufficient independent knowledge to justify White's arrest, irrespective of the warrant."

Defendant has not sustained his burden of proof. *State* v. *Mariano,* 152 Conn. 85, 91. Accordingly, defendant's motion to quash and vacate is denied.