STATE OF CONNECTICUT *v.* EVERETT L. FINE

ALCORN, HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued March 4—decided April 7, 1970

*Edward C. Lavallee,* special public defender, for the appellant (defendant).

*Edmund W. O'Brien,* state's attorney, for the appellee (state).

House, J. On a trial to a jury the defendant was found guilty of the crime of selling narcotic drugs and has appealed from the judgment rendered on

the guilty verdict. Three assignments of error have been pressed on the appeal: (1) The court erred in denying the defendant's motion to set aside the verdict because it is not supported by the evidence and is contrary to law. (2) The court erred in refusing to charge the jury in accordance with certain requests of the defendant. (3) The court erred in admitting certain testimony from a rebuttal witness.

As to the first assignment of error, the decision of the court on the motion to set aside the verdict is tested by the evidence as printed in the appendices to the briefs. *State* v. *Cobb,* 159 Conn. 31, 32, 266 A.2d 393; *State* v. *Mortoro,* 157 Conn. 392, 393, 254 A.2d 574; *State* v. *Gyuro,* 156 Conn. 391, 397, 242 A.2d 734, cert. denied, 393 U.S. 937, 89 S. Ct. 301, 21 L. Ed. 2d 274. The only evidence printed appears in the appendix to the state's brief.

From the evidence printed in the appendix to the state's brief the jury could have found that Raymond E. Morse, a state policeman engaged in an undercover investigation of narcotics traffic in the New London area, with a companion, entered a poolroom in New London where the twenty-three-year-old defendant was employed as a rack boy. The officer had reason to believe that the defendant was engaged in narcotics traffic. The companion asked the defendant "What's happening?" which in the idiom of the narcotics traffic means that the questioner is interested in the purchase of narcotics if any are available. The defendant replied: "There's a lot of heat and you'll have to come back between 10 and 11." The officer and his companion returned to the poolroom about 10:20 p.m., at which time the defendant informed him: "It will take a couple of minutes." A short time thereafter the defendant

called the officer to the back of the room and stated that all he could get was a dime's worth. The officer informed him, "We'll take it", whereupon the defendant transferred to him six marihuana cigarettes, for which the officer paid him $10. In narcotics terminology a "dime's worth" is $10 worth of drugs. From this evidence the jury could reasonably and logically conclude that the defendant was guilty as charged unless they found that he was unlawfully entrapped into making the sale.

In *State* v. *Whitney,* 157 Conn. 133, 249 A.2d 238, we recently had occasion to discuss at length the doctrine of entrapment, and it is unnecessary to reiterate that discussion here. It suffices to repeat the general rule as stated in *State* v. *Marquardt,* 139 Conn. 1, 5, 89 A.2d 219: "[I]f the criminal intent or the willing disposition to commit the crime originates in the mind of the accused and the criminal offense is completed, the fact that the opportunity is furnished or the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him for it constitutes no defense. On the other hand, if the evil intent and the criminal design originate in the mind of the government agent and the accused is lured into the commission of the offense charged in order to prosecute him for it, when he would not have committed an offense of that general character except for the urging of the agent, no conviction may be had." See also *Sherman* v. *United States,* 356 U.S. 369, 372, 78 S. Ct. 819, 2 L. Ed. 2d 848; *Sorrells* v. *United States,* 287 U.S. 435, 454, 53 S. Ct. 210, 77 L. Ed. 413; *State* v. *Avery,* 152 Conn. 582, 583, 211 A.2d 165; DeFeo, "Entrapment as a Defense to Criminal Responsibility: Its History, Theory and Application," 1 U. San Fran. L. Rev. 243; note, 33 A.L.R.2d 883.

As disclosed by the evidence printed in the appendix to the state's brief, the testimony of the defendant was in several respects at variance with that of the police officer. If the jury credited the defendant's version of the incident, they could have found that the defendant sold the narcotics because he felt friendly toward the officer and wanted to know him well since "he seemed like a pretty nice guy" and the officer asked him to obtain them. The defendant testified that this was the only time he had ever made such a sale and that he did not know that marihuana was unlawful or that it was wrong to purchase it. The circumstances claimed by the defendant, even if believed by the jury, fall far short of the usual instances of police conduct asserted as evidence of unlawful inducement raising the entrapment issue. These usually include appeals based on sympathy; *Sherman* v. *United States,* supra, 373; friendship; *Sorrells* v. *United States,* supra, 439; sickness; *Price* v. *United States,* 56 F.2d 135, 136 (7th Cir.); offers of money; *United States* v. *Lynch,* 256 F. 983, 984 (S.D. N.Y.); or repeated or persistent solicitation. *State* v. *Marquardt,* supra. Nevertheless the court deemed the defendant's evidence sufficient to raise the issue of entrapment and at the request of the defendant undertook to charge the jury on the subject.

The adequacy of the charge is tested by the claims of proof in the finding. *State* v. *Avery,* 152 Conn. 582, 584, 211 A.2d 165; *State* v. *DaVila,* 150 Conn. 1, 5, 183 A.2d 852; *State* v. *Marquardt,* supra. The only exceptions to the charge taken by the defendant related to the court's failure to charge in accordance with several of his specific requests. We have examined the charge in the light of the defendant's claims of proof and assignments of error and find

no merit to the claims of error asserted by the defendant. He makes no claim that the court failed to charge adequately on the principles of entrapment but objects that it refused to include a requested instruction about the public policy which is the basis for the application of the principle. Such a discourse on policy as the defendant requested has no place in a charge to the jury, and the court properly declined to include it. Nor is the court required to charge in the exact language of a request. *State* v. *Alterio,* 154 Conn. 23, 27, 220 A.2d 451. The remaining requests to charge which the court refused to include purported to instruct the jury on the principles of criminal responsibility on the part of an agent or employee acting on behalf of his principal or employer. Not only were they incorrect statements of law but nothing in the finding would support a conclusion that any agency or employment relationship existed between the police officer and the defendant. The court properly refused to include these requests.

The sole remaining assignment of error which the defendant has briefed is a claim that the court abused its discretion in permitting the police officer to testify in rebuttal with respect to certain circumstances of the sale of the narcotics. The testimony was in general contradiction of testimony given by the defendant, and we find no abuse of judicial discretion in the ruling of the court. *State* v. *Leopold,* 110 Conn. 55, 67, 147 A. 118.

There is no error.

In this opinion the other judges concurred.