STATE OF CONNECTICUT *v.* EULOGIA MARQUEZ

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 14-107230

Argued October 5—decided November 6, 1970

*Samuel Bailey, Jr.,* of Hartford, for the appellant (defendant).

*Allen W. Smith,* assistant prosecuting attorney, for the appellee (state).

KINMONTH, J.  A jury convicted the defendant of the crime of fraud in obtaining state aid in violation of § 17-83i (b) of the General Statutes, and she has appealed from the judgment rendered on the verdict. She assigns error in the court's refusal to set aside the verdict, in the admission of certain evidence, in the court's failure to charge as requested and in its charge.

The defendant has abandoned her assignment of error in the failure of the court to set aside the verdict. The assignments of error addressed to the admission of evidence are not in conformity with our rules and therefore need not be considered. Practice Book § 1006 (4) & Form 819 (C); *Schurgast* v. *Schumann,* 156 Conn. 471, 481.

As to the error claimed in the portion of the charge attacked, no exceptions were taken. Consequently,

no error may be predicated on this ground. *Ferreira* v. *Storms,* 159 Conn. 259, 260. The adequacy of the charge is tested by the claims of proof in the finding. *State* v. *Fine,* 159 Conn. 296, 300. The only exception to the charge taken by the defendant related to the court's failure to charge in accordance with one request. The state made the following claims of proof: The defendant had been on the welfare rolls of the state of Connecticut since 1963. During the period between April of 1969 and September of 1969, the defendant received over $1000 in welfare assistance. It is standard operating procedure in the welfare department to advise a person who applies for welfare about reporting outside income sources. In continuation of this procedure, a revisit is made periodically to make a redetermination of eligibility by reason of any changes in family or income status. Two case workers assigned to the defendant, a Mr. Garcia in 1968 and a Miss Cleary from the end of 1968 to about the middle of 1969, spoke fluent Spanish. On July 10, 1969, an entry was made in the records of the defendant by the case worker that there was no change from the previous status as to employment and/or family situation. The records also showed that on August 26, 1969, the defendant, with her fourteen-year-old daughter, visited the welfare department and denied that she was working then or at the time of the July redetermination visit. The records also indicated that on September 12, 1969, when confronted with a wage verification record showing gross earnings of $794.52, the defendant did admit that she worked throughout the period in issue and that she knew the requirements but had failed to report the earnings. The defendant's first employment check was dated May 23, 1969, and she received thirteen subsequent checks prior to August 27, 1969. The defendant did not tell the welfare department of her employment because it would take the check away from her.

The defendant made the following claims of proof: No one told her that she was required to report income to the welfare department. She never told her welfare worker that she was not working; rather, she told the welfare worker that she was working. The only thing the welfare worker told her when he discovered that she was employed was that, since she had been working for four months without permission, she had to continue and that she would have to reimburse the state of Connecticut.

The defendant requested the court to charge the jury as follows: "The fact that a person is on welfare and is working at the same time is not evidence that the person is intentionally defrauding the State. There must be proof that the person had knowledge that to work was in violation of the welfare laws." We have examined the charge in the light of the defendant's claims of proof and assignment of error and find no merit to this claim of error. She makes no claim that the court failed to charge adequately on the law. Error may not be predicated on the court's failure to charge in the exact language of the request. *State* v. *Fine,* supra, 301; *Crowder* v. *Zion Baptist Church, Inc.,* 143 Conn. 90, 99. It is enough if the instructions on the points involved are correct and adequate. Error was not committed by the court's failure to charge in accordance with the requested instruction, which assumed the truth of disputed fact or facts which had no support in the evidence. Error in a refusal to charge occurs only when the request is pertinent and correct and the court has not fairly covered the particular point raised. Reading the charge in its entirety, the court adequately charged the jury. The court was correct in refusing to give the request to charge as submitted by the defendant.

There is no error.

In this opinion DEARINGTON and DiCENZO, Js., concurred.