**Raymond M. THOMPSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 25581.**

United States Court of Appeals Fifth Circuit.

Jan. 12, 1970.

Milton E. Grusmark, Miami Beach, Fla., for appellant.

William A. Meadows, Jr., U. S. Atty., Morton Orbach, Michael J. Osman, William A. Daniel, Jr., Asst. U. S. Attys., Miami, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, THORNBERRY, Circuit Judge, and TAYLOR, District Judge.

ON PETITION FOR REHEARING

PER CURIAM:

Appellant was convicted under two counts of an indictment, the first charging violation of 26 U.S.C. § 4744(a) (1) (1967) (transferring marihuana without payment of the tax thereon) and the second charging violation of 26 U.S.C. § 4742(a) (transferring marihuana without a written order of the Secretary of

the Treasury). He was given consecutive sentences of two years under count one and four years under count two. In his petition for rehearing, appellant asserts that his convictions under both counts should be reversed because of the Supreme Court's decision in Leary v. United States, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57. We grant the petition for rehearing, reverse as to count one, and affirm as to count two.

Time for filing the petition was extended until 21 days after the Supreme Court handed down its decision in *Leary*. Now that *Leary* has been decided, we are persuaded that it requires reversal of the conviction under count one, that for failure to pay the transfer tax. The conviction for selling to a buyer who had not obtained a proper order from the Secretary of the Treasury, however, presents a different question. The Supreme Court has just squarely held that § 4742(a), which requires this order, is constitutional. Buie v. United States, 1969, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283. Therefore, the contention that we should reverse as to count two is rejected and the conviction under that count is affirmed.