**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Evelio SORIANO, Defendant-Appellant.**

**No. 27247.**

United States Court of Appeals,
Fifth Circuit.

April 2, 1970.

William R. Hapner, Jr., Rood, Hapner & Rivers, Tampa, Fla., for defendant-appellant.

Edward F. Boardman, U. S. Atty., Robert B. McGowan, Thomas G. Wilson, Asst. U. S. Attys., Tampa, Fla., for plaintiff-appellee.

Before WISDOM, GEWIN, and AINSWORTH, Circuit Judges.

PER CURIAM:

On June 8 and June 22, 1966, Evelio Soriano sold marihuana to Frank Coto, an undercover narcotics agent for the State of Florida. The agent did not have the official order form required for such transactions by § 6 of the Marihuana Tax Act, 26 U.S.C. § 4742(a).[1] A jury in the

---

1. 26 U.S.C. § 4742(a) provides:
   It shall be unlawful for any person whether or not required to pay a special

tax and register under sections 4751 to 4735, inclusive, *to transfer marihuana,* except in pursuance of a written order

United States District Court for the Middle District of Florida convicted Soriano on two counts of transferring marihuana in violation of § 4742(a).

On this appeal, Soriano makes two contentions: first, he argues that the sale to Frank Coto, an employee of the State of Florida, falls within the exceptions to the requirements of § 4742(a), as provided in § 4742(b) (4); second, he argues that § 4742(a) violates his Fifth Amendment privilege against self-incrimination. We affirm.

### I.

█ Section 4742(b) provides that nothing contained in this section shall apply

\* \* \* \* \* \*

(4) Government and state officials. —To a transfer of marihuana to any officer or employee of the United States Government or of any State, Territorial, District, county, or municipal or insular government lawfully engaged in making purchases thereof for the Department of Defense, the Public Health Service, and for Government, State, Territorial, District, county, or municipal or insular hospitals or prisons.

Soriano contends that the statute clearly provides that no indictable offense is committed when a transfer is made to an employee of a State Government lawfully engaged in making purchases for that State. It is uncontradicted that Frank Coto was an undercover narcotics agent for the State of Florida at the time the sales were made.

In order to come within the exception provided in subsection (b) (4), the transfer must be to an officer or employee of the United States or of a State, Territory, District, county or municipal or insular government. The officer or employee to whom the transfer is made must then be purchasing the marihuana for either the Department of Defense, the Public Health Service, or for a Government, State, Territorial, District, county or municipal or insular hospital or prison. It is true that Coto was an employee of the State of Florida, but it is also true that the purchase was not made for the Department of State, the Public Health Service, or for any hospital or prison. The purpose for Agent Coto's purchase was to close down one more avenue to the illegal traffic of marihuana.

Courts tacitly, and sometimes explicitly, have approved the use of federal and state undercover narcotic agents. *See generally* Lewis v. United States, 1966, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312; United States v. Carter, 7 Cir. 1963, 326 F.2d 351; Gilmore v. United States, 5 Cir. 1955, 228 F.2d 121.

### II.

█ Soriano's second contention is that § 4742(a), which obligates a seller of marihuana to sell only in pursuance of an official order form provided by the Secretary, violates his Fifth Amendment privilege against self-incrimination. A judicial assessment of such a contention usually entails careful consideration of the statutory scheme under which he was convicted. Marshall v. United States, 5 Cir. 1970, 422 F.2d 185. The Supreme Court, however, has foreclosed consideration of Soriano's attack on § 4742(a). Minor v. United States (decided with Buie v. United States), 1969, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283, held § 4742(a) constitutional. As the Supreme Court said with regard to Buie, who was also a narcotics seller: "There is no real and substantial possibility that the § 4742(a) order form requirement will in any way incriminate sellers for the simple reason that sellers will seldom, if ever, be confronted with an unregistered purchaser who is willing and able to secure the order form." 90 S. Ct. at 287, 24 L.Ed.2d at 290. *See also* Thompson v. United States, 5 Cir 1970, 421 F.2d 174.

The judgment of the district court is affirmed.

---

of the person to whom such marihuana is transferred, on a form to be issued in

blank for that purpose by the Secretary or his delegate. (Emphasis supplied.)