## ALICE A. BELDEN *vs.* WILLIAM H. ALLEN.

Hartford Dist., Oct. T., 1891. ANDREWS, C. J., CARPENTER, SEYMOUR, TORRANCE and FENN, Js.

When by the pleadings the burden of proving any matter in issue is thrown on the plaintiff, he must in the first instance introduce all the evidence upon which he relies to establish his claim.

In an action to recover for personal property attached by the defendant as the property of *B*, to which a general denial was pleaded, the plaintiff introduced evidence tending to show that the property was hers, and rested her case. The defendant then introduced evidence that the property belonged to *B*, and the plaintiff, after the defendant had rested, offered proof that the property was purchased with her money. Held that the court properly ruled out the evidence as being a part of the plaintiff's case in chief.

The order in which testimony shall be given upon a trial is subject to the discretion of the court, but this discretion should be exercised with great caution. The rule may be departed from when its operation will cause great injustice. It ought not, however, to be so frequently disregarded as to render it a rule in name and not in reality.

[Argued October 8th—decided October 26th, 1891.]

ACTION to recover for personal property of the plaintiff taken by the defendant; brought to the Court of Common Pleas of Hartford County, and tried to the court, upon a general denial, before *Taintor, J.* Judgment for the defendant, and appeal by the plaintiff for error in the exclusion of evidence. The case is fully stated in the opinion.

*J. Coats,* for the appellant.

*F. L. Hungerford* and *J. H. Kirkham,* for the appellee.

ANDREWS, C. J. Alice A. Belden of New Britain, a minor about the age of thirteen years, brought an action in the Court of Common Pleas for Hartford County at its January term, 1891, by her father, James M. Belden, as her guardian and next friend, against William H. Allen. The complaint was in two counts—one in the nature of trespass

for taking and carrying away certain personal property; the other in the nature of trover for the same articles of property. The answer was a general denial. At the trial the plaintiff offered testimony tending to prove that the title to the property was in her, proved its value, and rested her case. James M. Belden was in court, but did not offer his own testimony in chief. The defendant did not deny that he took the property, but claimed that he was a constable and attached it by virtue of a writ against the said James M. Belden, and offered testimony tending to prove that it belonged to the said James in his own right and not to the said Alice. After the defendant had rested his case, James M. Belden was offered as a witness in reply. Certain testimony that he gave was received without objection. "The plaintiff then offered," in the words of the finding, "to show by this witness and by an exemplified copy of the record of the inventory filed by him as the administrator in the court of probate, and accepted by that court, as the inventory of the estate of the mother of the plaintiff, that at the time of the purchase of the property in question he had in his hands funds derived from the estate of the plaintiff's mother which he had expended in the purchase of the property for the plaintiff. Upon the objection of the defendant that this was a part of the plaintiff's case in chief, and was not proper evidence in rebuttal, the court excluded it."

We think this ruling was correct. Under the pleadings it was the duty of the plaintiff to establish her own title to the personal property in dispute.

"The rule upon the subject is a familiar one. Where by the pleadings the burden of proving any matter in issue is thrown upon the plaintiff, he must in the first instance introduce all the evidence upon which he relies to establish his claim. He cannot go into half his case and reserve the remainder." *Hathaway* v. *Heminway*, 20 Conn., 191.

The evidence excluded was direct evidence to prove title in Alice, and it was only because it proved such title that it tended to disprove title in James M. It was not rebutting testimony, but affirmative testimony to strengthen the claim

made by the plaintiff. It is true that the order in which testimony shall be given upon a trial is subject to the discretion of the court, but this discretion should be exercised with great caution. The rule may be departed from when its operation will cause great injustice. It ought not, however, to be so frequently disregarded as to render it a rule in name and not in reality. There was nothing in this case calling for this discretionary power.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.