STATE OF CONNECTICUT v. REXALL GASKIN

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued October 3—decision released October 10, 1978

*E. Eugene Spear,* assistant public defender, for the appellant (defendant).

*Jonathan C. Benedict,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *Walter D. Flanagan,* assistant state's attorney, for the appellee (state).

PER CURIAM. After a jury trial the defendant was found guilty of robbery in the second degree. From a judgment rendered on the verdict, he appealed.

The sole claim of error is that the court erred in allowing relevant evidence which could have been presented in the state's case in chief to be presented in rebuttal even though that evidence did contradict the defendant's testimony and evidence presented in his defense.

The defendant was charged with robbery of money from a bakery in Fairfield on September 20, 1974, at about 6:30 p.m. His defense was an alibi. He and his niece testified that he was in the apartment where the niece lived between 5:30 p.m. and 8 p.m. on that day.

On rebuttal, the state presented the testimony of a witness that the defendant was in a store in the vicinity of the bakery at approximately 6:10 p.m. that same day. The state had, at the commencement of the trial, listed this witness' name as a witness for the state and one available for testimony. The defendant claims that the court abused its discretion in allowing this rebuttal testimony.

The defendant has not sustained his burden of establishing prejudice and nowhere in the record or in his brief is it shown that the state had advance knowledge that the defendant would claim an alibi. Further, there is nothing in the record or the briefs to indicate deliberate withholding of this evidence. As stated by the state's attorney when objection was made, it was doubtful whether the witness' statement would have been relevant prior to the introduction of the alibi defense. The matter of allowing evidence in chief on rebuttal is within the sound discretion of the trial court. *State* v. *Fine,* 159 Conn. 296, 301, 268 A.2d 649; *State* v. *Lenihan,* 151 Conn.

552, 556, 200 A.2d 476; *State* v. *Leopold,* 110 Conn. 55, 67, 147 A. 118; *State* v. *Buonomo,* 88 Conn. 177, 183, 90 A. 225.

There is no error.