State of Connecticut *v.* Domenick Lisella

Speziale, C. J., Peters, Healey, Parskey and Armentano, Js.

Argued March 30—decision released June 8, 1982

*F. Mac Buckley,* for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Herbert Appleton,* assistant state's attorney, for the appellee (state).

Per Curiam. The sole issue raised in this appeal is whether the trial court erred in permitting the state to introduce relevant evidence in rebuttal which could have been introduced earlier in the state's case and which contradicted the defendant's testimony and other evidence presented by the defense.

After a trial to a jury, the defendant was found guilty of violation of an act relating to dependency-producing drugs; General Statutes § 19-480 (a); and was sentenced to a term of not less than two nor more than five years. The defendant was accused of selling heroin to an undercover police officer, after having been introduced to the officer by an informant, a friend of the defendant. As part of the state's case, the police officer testified that the

sale took place in the kitchen of the house where the defendant had been temporarily residing, but that the informant had left the room before the transaction occurred specifically so the informant would not be a witness to the sale and consequently be in a position to have to testify as part of the state's case. As part of his defense, the defendant introduced the testimony of the defendant and his two sisters, all of whom had been outside the house washing cars and smoking marijuana when the informant and the police officer had arrived, who each testified that the three men never were in the kitchen together and that the informant had never left the presence of the defendant during the visit.

After the defense had rested, the trial court, over the defendant's objection, permitted the state to introduce the testimony of the informant in rebuttal. The informant had been available under subpoena in the lobby outside the courtroom throughout the trial. The state had offered his testimony "for the limited purpose of testifying in rebuttal as to whether or not he was present at the time." As grounds for objecting and taking an exception to the ruling, the defendant argued that the state could have called the informant during its case-in-chief, and therefore was precluded from introducing his testimony for the first time in rebuttal.

On direct examination by the state, the informant testified that after the three men entered the kitchen, he left when the defendant reached into his pocket presumably for heroin. On cross-examination he testified that he left the room after the defendant took heroin out of his pocket. Other than this discrepancy, the informant corroborated the

testimony of the police officer. The defendant claims that the informant's testimony was exculpatory because it contradicted the testimony of the police officer which had been central to the state's case. If that testimony had been introduced during the state's case, the defendant contends that he "might very well have not elected" to testify in his own defense.[1] Based upon that alleged prejudice, the defendant claims to have been denied due process of law by the trial court's ruling.[2]

The admission of rebuttal evidence is ordinarily within the sound discretion of the trial court. See, e.g., *State* v. *Nims,* 180 Conn. 589, 599, 430 A.2d 1306 (1980); *State* v. *Palozie,* 165 Conn. 288, 299, 334 A.2d 468 (1973); *State* v. *Leopold,* 110 Conn. 55, 67, 147 A. 118 (1929). Ideally, rebuttal evidence is that which refutes the evidence presented by the defense, rather than that which merely bolsters the state's case, thus avoiding the possibility of jury confusion or unfairness to the defendant who has relied upon the case as presented. See *State* v. *Addazio,* 169 Conn. 416, 427, 363 A.2d 153 (1975); *State* v. *Grayton,* 163 Conn. 104, 110, 302 A.2d 246, cert. denied, 490 U.S. 1045, 93 S. Ct. 542, 34 L. Ed. 2d 495 (1972); *State* v. *Fine,* 159 Conn. 296, 301, 268 A.2d 649 (1970); cf. *DiMaio* v. *Panico,* 115 Conn. 295, 298–99, 161 A. 238 (1932). This court will affirm a trial court's admission of rebuttal evidence which would have been normally presented as part of the

---

[1] The defendant testified that he had three prior felony convictions and had served time in prison.

[2] We note that the defendant did not believe himself to be sufficiently prejudiced at trial so as to move for a mistrial; Practice Book § 887; but that he did incorporate the present claim of error into a motion for acquittal after the jury returned the verdict; Practice Book § 899; which motion the trial court denied.

case-in-chief unless the party claiming error sustains his burden of establishing harmful error. See *State* v. *Gaskin,* 176 Conn. 220, 221, 405 A.2d 652 (1978); *State* v. *Addazio,* supra, 427; *State* v. *Buonomo,* 88 Conn. 177, 183, 90 A. 225 (1914); see also *Belden* v. *Allen,* 61 Conn. 173, 175, 23 A. 963 (1891); cf. *State* v. *Brigandi,* 186 Conn. 521, 545–46, 442 A.2d 927 (1982).

The fact that the informant's testimony with respect to the moment of his departure from the kitchen contradicted the police officer's recollection is not exculpatory when considered in the context of the informant's other testimony which contradicted the defendant's version of the facts. Moreover, the defendant concedes that the state's offer of proof on rebuttal was made in good faith, was not intentionally misleading and offered relevant rebuttal evidence. Neither the state nor the trial court knew that the testimony would not conform to the offer of proof. The defendant's speculation that if the police officer's credibility had been drawn into question by the informant's testimony during the state's case, then the defendant might not have testified, does not meet his burden of establishing harmful error, and hence an abuse of the trial court's discretion.

There is no error.