[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT
In the instant action the plaintiff sought to recover damages by reason of certain injuries allegedly sustained when he fell on premises owned and controlled by the defendant. The plaintiff claimed that the fall was caused by the negligence of the defendant in permitting "contaminated water" to accumulate on the floor of scaffolding then in the process of being erected by the plaintiff and fellow employees. The defendant denied it was negligent and alleged that any injury, damage or loss sustained by the plaintiff was caused by his own negligence.
The issues of liability as well as the nature and extent of the injuries sustained were vigorously contested. The jury returned a general verdict in favor of the defendant.
The verdict as rendered represents a reasonable resolution of the controversy in question.
There were no exceptions to substance to the jury charge.
The plaintiff now seeks to have the verdict set aside on the grounds that the court erred in refusing to grant him a continuance to present "rebuttal" evidence and in excluding evidence concerning post traumatic stress disorder.
The "rebuttal" evidence to which counsel refers was the anticipated testimony of one Dr. Glass who had examined the plaintiff prior to the time of the incident with which the instant lawsuit is concerned to the effect said plaintiff was not experiencing any symptoms referable to the shoulder nor did he have any permanency thereby bolstering the plaintiff's testimony to the same effect. Similarly the anticipated testimony of others to the effect that the plaintiff's physical involvement in a building restoration project was marginal merely bolstered his testimony in this regard.
The anticipated testimony noted above was properly part of the plaintiff's direct case and not rebuttal.
Where the plaintiff has the burden of proving the nature and CT Page 13195 extent of his injuries as well as the implications thereof "he must in the first instance introduce all the evidence upon which he relies" to establish his claim. He may not offer evidence as to part of his case and then reserve the residue for a later time. Rebuttal is permitted only to controvert "new facts" offered by the opponent. Such was not the case here. Further the admission of rebuttal evidence is within the sound discretion of the court. Chapman v. Norfolk Dedham Mutual Fire Ins. Co.,39 Conn. App. 306, 329; State v. Lisella, 187 Conn. 335, 337.
Where the issue of liability has been resolved in favor of the defendant an erroneous ruling with respect to damages need not be addressed. McKiernan v. Caldor, lnc., 183 Conn. 164, 166;Murphy v. Soracco, 174 Conn. 165, 166; Delfino v. WarnersMotor Express, 142 Conn. 301, 305; Buravski v. DiMeola,141 Conn. 726, 730. The exclusion of Dr. Ostroff's testimony however was not erroneous in the context in which the issue of emotional distress was raised.
The complaint alleged inter alia that from his injuries or effects thereof the plaintiff suffered ". . . mental anguish. . . ." There was no allegation that the plaintiff suffered from "radiation contamination." Counsel agreed that he had no evidence of radiation contamination. Thus the court granted Defendant's Motion In Limine seeking exclusion of evidence of mental anguish and/or fears concerning implications of radiation contamination primarily on the authority or Barrettv. Danbury Hospital, 232 Conn. 242, 256, Ft. Note #6.
The anxiety concerning future injury (here implications of radiation contamination) must have some reasonable basis. Anxiety about fictitious or imaged consequences having no reasonable basis is not a recoverable element of damages. Petriello v.Kalman, 215 Conn. 377, 390; Barrett v. Danbury Hospital,232 Conn. 242, 256. While the issue of whether the plaintiff's anxiety is reasonable or unreasonable is a fact question for the jury there must be a scientific basis upon which the jury bases its conclusion. There must be admissible expert testimony as to what the condition is and whether it will occur in the future. This bears directly on whether plaintiff's fears and anxieties are reasonable.
In the instant matter there was no evidence that the plaintiff had been harmed or would in the future be harmed by his exposure to contaminated water. The thrust of Dr. Ostroff's CT Page 13196 position was that the plaintiff appeared to be suffering from anxiety due to the nature of his exposure to radioactivity and his subsequent fears. This falls short of the required standard under Barrett v. Danbury Hospital, supra.
Motion denied.
John C. Flanagan State Trial Referee