### NICHOLAS LACHASE *v.* GERALD SANDERS

BALDWIN, O'SULLIVAN, DALY, WYNNE and BORDON, Js.

Argued January 6—decided February 1, 1955

*Snow G. Munford,* for the appellant (plaintiff).

*Frank E. Dully,* with whom, on the brief, was *Francis J. McCarthy,* for the appellee (defendant).

WYNNE, J. In this action the plaintiff sought $30,000 damages for personal injuries alleged to have been caused by the defendant in the negligent

operation of a motor vehicle. The case was tried to the jury, who returned a verdict for $2000 in favor of the plaintiff. He moved to set it aside on the ground that it was against the evidence and the law. The court refused to set it aside, and the plaintiff has appealed. His basic claim is that the amount of the verdict was inadequate by reason of improper remarks made by the trial judge to the jury. The assignments of error concern only the above.

Before starting the charge to the jury as to the issues in the case, the trial judge said: "And with no desire, ladies and gentlemen, to be facetious, I apologize for taking your time on this case. It has no business being in the Superior Court; and the reason I say that—and this is not an argument for the defendant—is that at the annual dinner of the State Bar Association last night the Chief Justice, who is a resident of Middletown and will take office on the 26th of October, reviewed the statistics and compared the number of cases that are returned and disposed of in the courts—both the Common Pleas and Superior Courts—ten years ago and to-day. The report of the Judicial Council was released recently. A copy of them, as they apply to our cases, I received over the week-end. I did not have a chance to examine it, but the Chief Justice did. I am sorry to say we have thirty thousand undisposed of cases as of July, 1953, in the eight counties of this state. This case does not belong in the Superior Court, and with that I will go on to the charge. The similarity between the ad damnum in this case and the figures the Chief Justice recited last night called it to mind."

Just before concluding the charge, the trial judge said: "I was interested, within the past few days, in reading—I think it was in the New York Times—

early this week that at one time—this isn't evidence, now. Please don't consider it as such, because I am not qualifying as a doctor. I read in this article, that two doctors reported to their fellow doctors at one of their conventions that a—an old-fashioned liniment was determined by them to be rather effective in the relief of pain in the joints, and it particularly referred to arthritis and rheumatism. It didn't mention it by name, and said it was originally developed as a horse liniment. We haven't any evidence as to how many bottles of Sloan's liniment were purchased here, but I suppose in addition to the hot-water bottle and heating pad, at least there were some bottles of the old-fashioned horse liniment. And I venture to say—and this is, by the way, a guess on my part—that a poultice in the form of a fair-sized check applied to this shoulder will relieve whatever pain there is at the present time."

The trial judge should not have made the remarks complained of to the jury. Presiding at a trial between litigants did not present a proper forum for the expression of the judge's personal views on problems of litigation. It is not only within the province of the trial court but also its duty to comment upon the evidence in the charge to the jury, so long as the court makes it perfectly clear that the determination of the facts is exclusively a matter for the jury and that the comments of the court are made for the sole purpose of assisting the jury in considering the evidence. Maltbie, Conn. App. Proc., § 54. A judge presiding at a jury trial occupies a role of inherent power and dignity that commands a deference from the jury impossible to appraise precisely. What he tells the jury about the plaintiff's case has great weight with them. On the other hand, if the judge appears to transgress

the power and dignity of his position, that too can arouse a hostility which operates prejudicially in the opposite direction. Consequently, comments that are not within the bounds of the judicial function in a jury case can, in both ways, arouse a prejudice which should not be present in the jury's deliberations. The court's remarks in this case went beyond the bounds of judicial comment on the evidence. They were inappropriate as aids to the jury.

What was said in *Commonwealth* v. *Myma*, 278 Pa. 505, 508, 123 A. 486, may well be repeated here: "The practice of a judge entering into the trial of a case as an advocate is emphatically disapproved. The judge occupies an exalted and dignified position; he is the one person to whom the jury, with rare exceptions, looks for guidance, and from whom the litigants expect absolute impartiality. An expression indicative of favor or condemnation is quickly reflected in the jury box and at the counsel table. To depart from the clear line of duty through questions, expressions or conduct, contravenes the orderly administration of justice. It has a tendency to take from one of the parties the right to a fair and impartial trial, as guaranteed under our system of jurisprudence. Judges should refrain from extended examination of witnesses; they should not, during the trial, indicate an opinion on the merits, a doubt as to the [witnesses'] credibility, or do anything to indicate a leaning to one side or the other, without explaining to the jury that all these matters are for them."

In whatever he does, the trial judge should be cautious and circumspect in his language and conduct. He should refrain at all times from indulging in any improper remarks that may injure a litigant in the eyes of the jury. *Felix* v. *Hall-Brooke Sani-*

*tarium,* 140 Conn. 496, 502, 101 A.2d 500. The remarks in the case at bar were so belittling and ridiculing that the conclusion is inescapable that they could only have been interpreted by the jury as a direction to keep the verdict within the amount prescribed for the exclusive jurisdiction of the Court of Common Pleas. This was highly improper and with such probable prejudice to the plaintiff's rights as to be a detriment to his cause. An exception to the remarks was duly taken and the question of their propriety is flatly before us. In this case the province of the jury was invaded, and a new trial must be ordered.

It is not necessary to discuss the claim that the verdict should have been set aside as inadequate.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.