### State of Vermont v. Arthur Muir

[554 A.2d 671]

No. 87-072

Present: **Allen, C.J., Peck and Gibson, JJ., and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed November 18, 1988

John R. Churchill, Chittenden County Chief Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

Mickenberg, Dunn, Sirotkin & Dorsch, Burlington, for Defendant-Appellant.

**Gibson, J.** Defendant appeals from his convictions for driving while under the influence, 23 V.S.A. § 1201(a)(2), and driving while his license was suspended, 23 V.S.A. § 674. We affirm.

Defendant raises two issues on appeal. First, he claims that the State violated his constitutional right to silence under the Vermont Constitution by arguing at trial that defendant did not respond to the apprehending police officer's questions. He also asserts that the trial court committed reversible error by refusing to issue a prompt cautionary instruction to the jury to disregard the officer's testimony as to defendant's refusal to perform dexterity tests.

■ Defendant asserts a violation of his right to remain silent under the Vermont Constitution. Vt. Const. Ch. I, Art. 10. Defendant concedes that the Fifth Amendment to the United States Constitution would not require a reversal in the instant case, since the events in question took place prior to his receipt of *Miranda* warnings. *Fletcher* v. *Weir*, 455 U.S. 603, 606 (1982); see *State* v. *Percy*, 149 Vt. 623, 628, 548 A.2d 408, 411 (1988). Defendant argues, however, that a different result is warranted under the Vermont Constitution.

Three years ago this Court stated that "it is the duty of the advocate to raise state constitutional issues, where appropriate, . . . and to diligently develop and plausibly maintain them on appeal." *State* v. *Jewett*, 146 Vt. 221, 229, 500 A.2d 233, 238 (1985). Yet, defendant devotes only a page and a half to this argument, much of which consists of a long quotation from this Court's opinion in *State* v. *Mosher*, 143 Vt. 197, 465 A.2d 261 (1983), a case which relied upon the Federal, not the Vermont, Constitution. Defendant fails to explain why or how the Vermont Constitution offers greater protections than the Federal Constitution to

persons in defendant's position. Because defendant has failed to demonstrate the "possible merit" of his argument, we will not order rebriefing of this issue, *Jewett*, 146 Vt. at 229, 500 A.2d at 238; instead, we decline to consider it as inadequately briefed. See, e.g., *Bishop* v. *Town of Barre*, 140 Vt. 564, 579, 442 A.2d 50, 57 (1982).

Defendant also argues that the trial court committed reversible error by refusing to promptly instruct the jury to disregard the apprehending officer's testimony that defendant had refused to perform dexterity tests. Defense counsel seasonably objected to the officer's statement, and following an in-chambers discussion, the trial court sustained the objection and instructed the state's attorney that he could make no further inquiries about defendant's failure to take the dexterity tests.\* The court refused defense counsel's request that the jury be immediately instructed to disregard the officer's testimony. During its final instructions to the jury, however, the trial court did instruct the jury that it was to ignore the officer's statement regarding defendant's failure to take the tests. We find such latter instruction to be curative of any prejudice to defendant's cause. See *State* v. *Bishop*, 128 Vt. 221, 230, 260 A.2d 393, 399 (1969) ("[i]t is assumed that the jury followed the instructions given by the trial court and disregarded these remarks . . . . ").

*Affirmed.*

---

\* For purposes of this case, we assume, without deciding the issue, that the admission into evidence of the officer's statement was error. We note, however, that testimony about the results of dexterity tests does not fall within the Fifth Amendment privilege against self-incrimination, and is admissible into evidence. *State* v. *Lombard*, 146 Vt. 411, 417, 505 A.2d 1182, 1186 (1985).