STATE OF CONNECTICUT *v.* ANDREA EICHSTEDT
(7326)

SPALLONE, DALY and BERDON, Js.

Argued September 21—decision released December 26, 1989

*Morgan J. O'Brien,* special public defender, for the appellant (defendant).

*Leah Hawley,* deputy assistant state's attorney, with whom, on the brief, were *Frank Maco,* state's attorney, and *David Shepak,* assistant state's attorney, for the appellee (state).

SPALLONE, J. This is an appeal from the defendant's conviction, after a jury trial, of illegal possession of cocaine with intent to sell and four counts of illegal sale of cocaine in violation of General Statutes § 21a-277 (a). The defendant claims that the trial court erred (1) in instructing the jury concerning the defense of entrapment, (2) in concluding that there was sufficient evidence to prove the defendant guilty beyond a reasonable doubt, (3) in concluding that there was probable cause to issue a search warrant for the person and the motor vehicle of the defendant, and (4) in refusing to allow a witness to invoke his fifth amendment privilege against self-incrimination in the presence of the jury. We find no error.

The jury could have reasonably found the following facts. On June 8, 1987, Robert Schoolnick was arrested on a motor vehicle charge and was subsequently found to be in possession of cocaine. He informed the arresting officers that he had obtained the cocaine from the defendant, Andrea Eichstedt.

Officers of the statewide narcotics task force were notified of Schoolnick's arrest and his willingness to cooperate in a proposed investigation of the defendant. On June 10, 1987, in cooperation with the investigating officers, Schoolnick made a controlled buy of one-half of a gram of cocaine from the defendant at her place of employment in Canaan. On June 22, accompanied by task force undercover agent Trooper Leslie Norcia, Schoolnick bought more cocaine from the defendant.

Equipped with a body microphone, Norcia made purchases of cocaine from the defendant at her place of employment on June 24, June 25 and July 7, 1987. At a prearranged meeting in Canaan on July 1, 1987, Norcia made one purchase of cocaine from inside the defendant's car.

On July 9, 1987, Norcia called the defendant to set up another transaction. The defendant told Norcia that she had no cocaine but that she was going to replenish her supply the next night. A search warrant was issued for the defendant's car and person and on July 10, 1987, the defendant was placed under surveillance. The police followed the defendant from her place of employment to a carnival in Lakeville where she met Alena Milton and Scott Higgins. The three eventually proceeded in the defendant's car to the home of Milton's stepsister in Millbrook, New York, where the defendant and Milton each received from Michael Sciarra a plastic bag containing cocaine.

The defendant, Milton and Higgins then returned to Connecticut in the defendant's car and were stopped by the police upon reentering the state. Milton was driving, Higgins was riding in the front passenger seat and the defendant was in the right rear seat. The search conducted pursuant to the warrant led to the discovery of a plastic bag containing one-half of an ounce of cocaine located under the right rear seat. Seized in the search of the defendant's vehicle, person and pocketbook were $1274.01, a mirror with traces of a white powdery substance, a cut plastic straw containing a white powder residue, pills, a syringe and other drug paraphernalia. Our review of the record, transcripts and briefs discloses that the defendant's claims of error are without merit.

I

The defendant first claims that the trial court erred in omitting two sentences concerning predisposition to

commit crimes from her requested charge on the defense of entrapment.[1] A request to charge, relevant to the issues and correctly stating the law, must be honored. *State* v. *Casey,* 201 Conn. 174, 178, 513 A.2d 1183 (1986). A requested charge, however, need not be given in its exact language if given in substance. Id.; *State* v. *Shindell,* 195 Conn. 128, 143, 486 A.2d 637 (1985). There is no error if the instruction, examined as a whole, fairly and adequately presents the case to the jury. *State* v. *Jenkins,* 8 Conn. App. 35, 40, 510 A.2d 1370 (1986); *State* v. *Shindell,* supra.

The trial court's charge to the jury on entrapment, as the defendant concedes in her reply brief, was in the precise language of the statute, General Statutes § 53a-15, entitled "Entrapment as defense." The trial court explained in depth the basic principles of entrapment and the charge included an instruction on the element of the defendant's intent or predisposition to commit the crimes. The court drew the distinction between a trap for the unwary innocent and a trap for the unwary criminal. *State* v. *McNally,* 173 Conn. 197, 202–203, 377 A.2d 286 (1977); *State* v. *Fine,* 159 Conn. 296, 299, 268 A.2d 649 (1970). The charge on entrapment was completely adequate without the defendant's requested additions.

## II

The defendant next claims that there was insufficient evidence to prove her guilty beyond a reasonable doubt. We disagree. The standard for appellate review upon

---

[1] The defendant's request to charge would have included the statements, "Innocent means the absence of a predisposition or state of mind which readily responds to the opportunity furnished by the officer or his agent (informant) to commit the forbidden act with which the accused is charged" and "[e]vidence of unlawful inducement may be found where the police or an informant acting on their behalf appeal to the defendant's sense of friendship or sympathy or where they repeatedly or persistently solicit the defendant to commit the crimes charged."

a challenge to the sufficiency of the evidence is whether a rational trier of fact could have concluded that the cumulative effect of the evidence, viewed in the light most favorable to sustain the verdict, established guilt beyond a reasonable doubt. *State* v. *Simino,* 200 Conn. 113, 116–17, 509 A.2d 1039 (1986); *State* v. *Holder,* 18 Conn. App. 184, 194, 557 A.2d 553 (1989). The jury is entitled to draw reasonable and logical conclusions from the facts proved. *State* v. *Carter,* 196 Conn. 36, 44, 490 A.2d 1000 (1985).

The defendant's one sentence statement in support of this claim in her brief does not specify in what way the evidence at trial was deficient. As to the four counts of selling cocaine, the defendant does not dispute that she sold cocaine to Norcia on June 24, June 25, July 1 and July 7, 1987. If the defendant is challenging the evidence presented on the one count of possession, the jury could reasonably have found the following facts. The police had the defendant, her car and her companions under surveillance throughout the day and evening of July 10 and into the early morning hours of July 11, 1987. Higgins and Sciarra both testified that the defendant obtained a plastic bag from Sciarra on July 10 while in New York. When the defendant's car was stopped at the Connecticut border and searched, a plastic bag containing cocaine was found under the right rear passenger seat where the defendant was seated alone. Although the defendant denied at trial that the cocaine found was hers, the evidence was sufficient to support the jury's finding beyond a reasonable doubt that the cocaine was in her possession.

III

The defendant's third claim is that the court erred in denying her motion to suppress the fruits of the search of her car and person. According to the defendant, the affidavit underlying the search warrant failed

to supply adequate bases of probable cause to believe (1) that the informant, Schoolnick, was reliable, and (2) that the items to be seized would be on her person or in her vehicle at the time of the search.

Our review of the affidavit reveals that all the facts provided to establish grounds for a search and seizure warrant were supplied by the affiant, Norcia. The defendant, in her brief and reply brief, mistakes the contents of the affidavit; the information was *not* supplied by Schoolnick and his reliability is therefore not in issue.

Probable cause to search exists if there is probable cause to believe (1) the items to be seized relate to criminal activity or would help in apprehending or convicting a particular criminal, and (2) the items to be seized are where they are alleged to be. *State* v. *Morrill,* 205 Conn. 560, 564–65, 534 A.2d 1165 (1987); *State* v. *DeChamplain,* 179 Conn. 522, 528–29, 427 A.2d 1338 (1980). The defendant does not deny that the warrant listed items related to criminal activity but rather claims that there was an insufficient basis to believe the contraband would be in her car. We disagree.

The affidavit states that Norcia purchased cocaine from the defendant on four occasions over a three week period, three times at the defendant's place of employment and once from inside the defendant's car in a parking lot. The defendant herself told Norcia of the planned trip to obtain more cocaine. From these facts, we conclude that the judge determining probable cause could reasonably have inferred that the defendant was engaged in an ongoing business of selling cocaine and that she transported the drugs in her vehicle. The court, therefore, properly denied the defendant's request to suppress the evidence.

## IV

The defendant's last claim is that the court erred in refusing to allow her to call Schoolnick as a defense witness, notwithstanding that Schoolnick would have invoked his fifth amendment privilege not to testify. This claim is meritless. A witness should not be put on the stand merely to have him exercise his privilege not to incriminate himself. *United States* v. *Martin,* 526 F.2d 485, 487 (10th Cir. 1975); *Bowles* v. *United States,* 439 F.2d 536, 541–42 (D.C. Cir. 1970), cert. denied, 401 U.S. 995, 91 S. Ct. 1240, 28 L. Ed. 2d 533 (1971); *State* v. *Bryant,* 202 Conn. 676, 681–82, 523 A.2d 451 (1987). "The rule is grounded . . . in the danger that a witness's invoking the Fifth Amendment in the presence of the jury will have a disproportionate impact on their deliberations." *Bowles* v. *United States,* supra; *State* v. *Bryant,* supra, 683–84. The defendant has cited no authority to the contrary or distinguished her case from existing precedent. We decline to invent an exception to a sound and long-standing rule.

There is no error.

In this opinion, DALY, J., concurred.

BERDON, J., dissenting. Although the defendant clearly raises four claims of error, at least two of which have state constitutional underpinnings, her briefings of them do not warrant appellate review. The defendant's initial brief contains a total of no more than three pages of argument, and her reply brief, one and one-half pages. Although "[b]revity is the soul of wit,"[1] there must be sufficient amplification to make an intelligent argument. The briefs fail in this regard.

---

[1] W. Shakespeare, Hamlet, act 2, sc. 2, line 90.

The defendant makes broad recitations of law without attempting to relate them to the specific issues. In arguing that the court should have included the defendant's request to charge on the defense of entrapment in its instruction to the jury, she neither explained how this constituted error nor demonstrated that the subject was inadequately covered by the court's instructions. As the majority points out, the defendant raises the issue of the sufficiency of the evidence with a one sentence argument that does not specify in what manner the evidence was deficient. Her claim that the trial court erred in failing to grant her motion to suppress is supported only by general allegations. Finally, she does not cite authority or even attempt to explain why she should have been able to call Robert Schoolnick as a defense witness when Schoolnick would have invoked his fifth amendment privilege not to testify.

Failure to research the law or formulate sufficient legal argument; see *State* v. *Smith,* 10 Conn. App. 624, 635, 525 A.2d 116, cert. denied, 204 Conn. 809, 528 A.2d 1156 (1987); or the making of bare assertions of error without legal citations; see *State* v. *Knighton,* 7 Conn. App. 223, 226, 508 A.2d 772 (1986); or failure to relate the facts of the case to the claims of law or present the court "with any legal analysis whatsoever"; see *State* v. *Nelson,* 17 Conn. App. 556, 576, 555 A.2d 426 (1989); precludes this court from a meaningful appellate review. *State* v. *Hernandez,* 204 Conn. 377, 382, 528 A.2d 794 (1987). Indeed, the defendant's briefs made no reference to the transcript, and her appendix included neither the relevant portions of the charge, nor the search warrant with its supporting affidavit, as mandated by Practice Book § 4065. See *State* v. *Ramsundar,* 204 Conn. 4, 17, 526 A.2d 1311, cert. denied, 484 U.S. 955, 108 S. Ct. 348, 98 L. Ed. 2d 374 (1987).

The majority, in an endeavor to do justice, attempts to review these inadequately briefed issues without the benefit of counsel's reasoned analysis. "Legal claims raised but not substantially briefed are burdensome to meet and difficult to decide correctly." *State* v. *Kennedy,* 295 Or. 260, 266, 666 P.2d 1316 (1983). This is particularly the case in areas of emerging law such as state constitutional law. See H. Macgill, "Upon a Peak in Darien: Discovering the Connecticut Constitution," 15 Conn. L. Rev. 7 (1982). "[A] judge rarely performs his functions adequately unless the case before him [or her] is adequately presented." L. Brandeis, "The Living Law," 10 Ill. L. Rev. 461, 470 (1916). In a case such as this, where state constitutional issues are raised, the advocacy of the court's majority is insufficient to protect the rights of the defendant.

Although the right to appeal is statutory; General Statutes § 54-95; and there is no federal constitutional right to an appeal; *Abney* v. *United States,* 431 U.S. 651, 656, 97 S. Ct. 2034, 52 L. Ed. 2d 651 (1977); once it is granted, the right "invokes so significant a protection of liberty that it must be made available to all persons convicted of crimes." *Gaines* v. *Manson,* 194 Conn. 510, 515, 481 A.2d 1084 (1984). When the defendant is indigent, as in the present case, she is entitled to the assistance of counsel appointed by the state in the presentation of her appeal. *Paulsen* v. *Manson,* 193 Conn. 333, 338, 476 A.2d 1057 (1984). Futhermore, counsel must be reasonably competent. *State* v. *Lubesky,* 195 Conn. 475, 485, 488 A.2d 1245 (1985). This competency includes appropriately raising and developing issues in a manner that can afford a meaningful appellate review. Counsel's "role as advocate requires that he support his client's appeal to the best of his ability." *Anders* v. *California,* 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493, reh. denied, 388 U.S. 924, 87 S. Ct. 2094, 18 L. Ed. 2d 1377 (1967).

The remedy for counsel's failure to represent the defendant adequately in this appeal is suggested in recent decisions of the Vermont Supreme Court. In *State* v. *Jewett,* 146 Vt. 221, 229, 500 A.2d 233 (1985), the court held that when counsel fails to develop diligently and to maintain plausibly state constitutional issues on appeal and there is a demonstration of *"possible merit,"* the court should order supplemental briefs addressing these issues.[2] Id; see *State* v. *Muir,* 150 Vt. 549, 551, 554 A.2d 671 (1988); see also *State* v. *Kennedy,* supra. This requirement of supplemental briefs not only protects the rights of the individual defendant, but also fosters the development of state constitutional law.[3] "This generation of . . . lawyers has an unparalleled opportunity to aid in the formulation of a state constitutional jurisprudence that will protect the rights and liberties of our people, however the philosophy of the United States Supreme Court may ebb and flow." *State* v. *Jewett,* supra, 224.

Applying the "possible merit" standard of *Jewett,* I conclude that at least two state constitutional issues raised by the defendant should be pursued. The defendant's claim that the trial court erred in finding that the search warrant was based on sufficient probable cause

[2] The Vermont Supreme Court also reviewed the manner in which state constitutional issues should be developed through the historical (including legislative history), textual, sibling and economic and sociological approaches. *State* v. *Jewett,* 146 Vt. 221, 227, 500 A.2d 233 (1985); see E. Peters, State Constitutional Law: Federalism in the Common Law Tradition, 84 Michigan L. Rev. 583 (1986).

[3] It would be consistent with the Connecticut rules of practice to order counsel to submit a supplemental brief on state constitutional issues inadequately treated in an initial brief. Practice Book § 4061 provides, in part, that "[i]t is the responsibility of the appellant to provide an adequate record for review." Section 4065 provides, among other things, that the appellate court may refuse to receive a brief not accompanied by a concise statement of the principal issues in the appeal. No rule of practice, however, prevents this court from ordering defense counsel to submit supplemental briefs when the original is inadequate.

under the provisions of the search and seizure clause of the Connecticut constitution; Conn. Const., art. I, § 7; deserves further briefing. "Probable cause to search exists if: (1) there is probable cause to believe that the particular items sought to be seized are connected with criminal activity or will assist in a particular apprehension or conviction . . . *and* (2) there is probable cause to believe that the items sought to be seized will be found in the place to be searched." (Citations omitted; emphasis in original.) *State* v. *DeChamplain,* 179 Conn. 522, 528–29, 427 A.2d 1338 (1980).

Our Supreme Court has rejected the "totality-of-the-circumstances" analysis developed in *Illinois* v. *Gates,* 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983), to test the sufficiency of probable cause for search and seizure under the federal constitution. Under the search and seizure clause of our state constitution[4] we continue to require the stricter standard of *Aguilar-Spinelli. State* v. *Kimbro,* 197 Conn. 219, 235–36, 496 A.2d 498 (1985). "That test, which stemmed from the United States Supreme Court's opinions in *Aguilar* v. *Texas,* 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964), and *Spinelli* v. *United States,* 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969), consists of two prongs: 'The issuing [judge] must be informed of (1) some of the underlying circumstances relied on by the person providing the information to the affiant; and (2) some of the underlying circumstances from which the affiant concluded (a) that the informant, whose identity need not even be disclosed, was credible, or (b) that his information was reliable.' " *State* v. *Delmonaco,* 194 Conn. 331, 338, 481 A.2d 40, cert. denied, 469 U.S. 1036, 105 S. Ct. 511, 83 L. Ed. 2d

[4] "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches or seizures; and no warrant to search any place, or to seize any person or things, shall issue without describing them as nearly as may be, nor without probable cause supported by oath or affirmation." Conn. Const., art. 1, § 7.

401 (1984), quoting *State* v. *Jackson,* 162 Conn. 440, 446, 294 A.2d 517, cert. denied, 409 U.S. 870, 93 S. Ct. 198, 34 L. Ed. 2d 121 (1972).

The issue is whether there was probable cause on the date of the warrant to believe that the drugs would be found in the defendant's automobile, and not probable cause to arrest her for the previous alleged sales she made to the undercover police. The state concedes that the search of the automobile was based upon the following paragraph in the supporting affidavit: "That during the early part of June, 1987, information was developed concerning the illegal narcotics trafficking of ANDREA L. EICHSTEDT, the manager of the Patco Handy Shop located on Rt. 44 in North Canaan, Connecticut. This information was developed by the Western District Major Crime Squad of the Connecticut State Police Department. The information consisted of ANDREA EICHSTEDT dealing small quantities of cocaine from the backroom of the Patco Handy Shop. That EICHSTEDT did not keep large quantities of cocaine at the store, but transport smaller quantities of cocaine to the store in her vehicle, which was reported to be a Pontiac Firebird, from her residence in Massachusetts."

The affidavit does not indicate from whom the police obtained and developed the information that led the issuing magistrate to believe that the defendant would be transporting drugs in her automobile. The majority leaps to the conclusion that the information came from Leslie Norcia, a police undercover agent and one of the affiants on the search warrant. The affidavit, however, contains nothing that would indicate this information came from Norcia or any other informant. The majority seeks to bolster its conclusion that there was probable cause by stating that on July 9, 1987, one day before

the issuance of the search warrant,[5] the "defendant herself told Norcia of the planned trip to obtain more cocaine." These facts are also not contained in the affidavit and were not before the magistrate. "The reviewing court may consider only the information that was actually before the issuing judge at the time he or she signed the warrant." *State* v. *Schifflett,* 199 Conn. 718, 746, 508 A.2d 748 (1986).

Even if we assume that the "information developed" was from an informant, it is questionable whether the affidavit could pass state constitutional muster by satisfying both prongs of *Aguilar-Spinelli* test to support a *search of the automobile* on the date of the affidavit. See *State* v. *Velez,* 20 Conn. App. 168, 565 A.2d 542 (1989). The issuing magistrate was given no basis upon which he could evaluate the source of the information necessary to find probable cause to search the automobile. Furthermore "[i]t is axiomatic that hindsight may not be employed in determining whether a prior arrest or search was made with probable cause." 1 W. LaFave, Search & Seizure: A Treatise on the Fourth Amendment (2d Ed.) § 3.2 (d). Surely, the issue has possible merit under our state constitution and should be argued by an advocate for the defendant, instead of being reviewed in a vacuum by this court.

The issue of whether the defendant was deprived of her state constitutional rights to bring witnesses before the jury, to present a defense and for compulsory process,[6] when she was barred from calling Schoolnick as

---

[5] The date of this conversation is set forth in the general facts recited on page 397, supra, of the majority opinion.

[6] "Section 8 of article first of the constitution is amended to read as follows: In all criminal prosecutions, the accused shall have a right to be heard by himself and by counsel; to be informed of the nature and cause of the accusation; to be confronted by the witnesses against him; to have compulsory process to obtain witnesses in his behalf; to be released on bail upon sufficient security, except in capital offenses, where the proof is evident or the presumption great; and in all prosecutions by information, to

a witness, notwithstanding his claim that he would have refused to testify on the ground that it would tend to incriminate him, also deserves to be raised through appropriate legal analysis. Our Supreme Court, after taking into account a defendant's sixth amendment federal constitutional rights, adopted the general rule set forth in *Bowles* v. *United States,* 439 F.2d 536 (D.C. Cir. 1970), cert. denied, 401 U.S. 995, 91 S. Ct. 1240, 28 L. Ed. 2d 533 (1971), that the defendant may not call a witness for the sole purpose of having him invoke his privilege against self-incrimination.[7] *State* v. *Bryant,* 202 Conn. 676, 685, 523 A.2d 451 (1987). Justice Healey, however, writing for a unanimous court, stated that they could "imagine a case in which a defendant's constitutional right to call witnesses on his behalf might arguably require that the witness who refuses to testify be called . . . ." Id., 686.[8]

In this case, the defendant took the witness stand and admitted the sale of drugs. She claimed, however, the defense of entrapment by Schoolnick who was acting on behalf of the state police. The defendant testified that she sold drugs only after the persistent insistence of her friend, Schoolnick, and only after he threatened to inform her employer that she used drugs.

a speedy, public trial by an impartial jury. No person shall be compelled to give evidence against himself, nor be deprived of life, liberty or property without due process of law, nor shall excessive bail be required nor excessive fines imposed. No person shall be held to answer for any crime, punishable by death or life imprisonment, unless upon probable cause shown at a hearing in accordance with procedures prescribed by law, except in the armed forces, or in the militia when in actual service in time of war or public danger." Conn. Const., amend. XVII.

[7] At the very least, under the general rule, the defendant is entitled to "a neutralizing instruction, one calculated to reduce the danger that the jury will in fact draw an inference from the absence of such a witness." *Bowles* v. *United States,* 439 F.2d 536, 542 (D.C. Cir. 1970).

[8] The Court specifically pointed out that it was not addressing the state constitutional rights of the accused. *State* v. *Bryant,* 202 Conn. 676, 684 n.8, 523 A.2d 45 (1987).

She further testified that Schoolnick supplied the drugs she sold to the undercover police officer and that Schoolnick received the proceeds of the sale. Evidence of unlawful inducement may be found where the police or an agent acting on their behalf appeal to the defendant's sympathy or friendship, or where they repeatedly or persistently solicit the defendant to commit the crimes. *State* v. *Fine,* 159 Conn. 296, 300, 268 A.2d 649 (1970).

Unlike the paucity of the evidence in *Bryant* to implicate the witness as the culprit, there was substantial evidence in this case to indicate that Schoolnick was the agent of the state whose friendship with the defendant and persistence allegedly induced her to sell drugs for him. Because she could not call Schoolnick, her defense of entrapment was made to appear less credible in the eyes of the jury. See *Bowles* v. *United States,* supra, 544 (Bazelon, C. J., dissenting). This case might very well fit into the mold of the exception that the Supreme Court envisioned in *Bryant,* and the defendant should be given an opportunity to develop this argument.

The defendant, who received a sentence of two concurrent terms of eight years, is entitled to a meaningful appellate review of the issues she raised. Her liberty is at stake and we should not pass her claims off simply because some time down the road she may get relief through habeas corpus for ineffective assistance of counsel. It may be, when all is said and done, that there is no merit to her appeal, but at least it then could be said that the defendant had her day of justice before this court.

In summary, I would order the parties to prepare and file supplemental briefs and appendices addressing the state constitutional and *other* issues raised in the defendant's brief, and that a copy of this court's deci-

sion be directed to the chief public defender. Accordingly, I respectfully dissent.