[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter is before the court on the plaintiff's application for an ex parte temporary injunction enjoining the defendant City of Bridgeport from disbanding Truck Company No. 3. Assistant City Attorneys were contacted and appeared in oral argument before the court.
General Statutes § 31-115 provides that "[n]o court shall havejurisdiction to issue a temporary or permanent injunction in any case involving or growing out of a labor dispute, except after hearing the testimony of witnesses in open court, with opportunity for cross examination, in support of the allegations of a complaint made under oath, and testimony in opposition thereto, if offered. . . ."[1]
(Emphasis added.) Because of what the supreme and appellate courts have acknowledged to be "scarce judicial resources"; State v. Patterson,230 Conn. 385, 399, 645 A.2d 535 (1994); State v. Kelly, 206 Conn. 323,328, 537 A.2d 483 (1988); Blake v. Levy, 191 Conn. 257, 264,464 A.2d 52 (1983); State v. Sawyer, 29 Conn. App. 68, 75,614 A.2d 471 (1992); Marciano v. Piel, 22 Conn. App. 627, 632,579 A.2d 539 (1990); Alpha Crane Service, Inc. v. Capitol Crane Co.,6 Conn. App. 60, 68, 504 A.2d 1376, cert. denied,199 Conn. 807, 808, 508 A.2d 769 (1986); State v.CT Page 3654Cosby, 6 Conn. App. 164, 174, 504 A.2d 1071 (1986); Nielsen v. Nielsen,3 Conn. App. 679, 684, 491 A.2d 1112 (1985); it was not possible to afford the plaintiff an expedited evidentiary hearing on its application. Without an evidentiary hearing, General Statutes § 31-115, if applicable, expressly denies the court jurisdiction to grant the plaintiff its requested relief. "Jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created." (Internal quotation marks omitted.) LoSacco v.Young, 210 Conn. 503, 508, 555 A.2d 986 (1989). "If a court has never acquired jurisdiction over . . . the subject matter . . . any judgment ultimately entered is void and subject to vacation or collateral attack." Broaca v. Broaca, 181 Conn. 463, 468, 435 A.2d 1016 (1980).
In argument, the plaintiff contended that General Statutes § 31-115 is inapplicable to this case because the labor dispute here is between a governmental employer and a public employee union. The court cannot and will not adjudicate such a serious and jurisdictional issue without adequate briefing by the parties. In International Assn ofFirefighters, Local 786 v. Serrani, 26 Conn. App. 610, 614,602 A.2d 1067 (1992), Local 818 v. East Haven, 42 Conn. Sup. 227, 232,614 A.2d 1260 (1992), and Local 998 v. Town of Stratford, Superior Court, judicial district of Fairfield, No. 295811 (1992 Ct. Sup. 5657;7 CSCR 908) (Thim, J.) the courts assumed that General Statutes § 31-115 was applicable to such disputes. In Local 818, supra, this assumption also was made by the plaintiffs, who were represented by the same able counsel as here, in their posthearing brief. These cases are not dispositive since the issue of the applicability of General Statutes § 31-115 to labor disputes between a municipal employer and a public employee union was neither distinctly raised nor decided in those cases. "It is the general rule that a case resolves only those issues explicitly decided in the case." State v. Ouellette, 190 Conn. 84, 91,459 A.2d 1005 (1983). The cited cases do, however, highlight the necessity for adequately briefing the issue. "`[A] judge rarely performs his functions adequately unless the case before him [or her] is adequately presented.' L. Brandeis, `The Living Law,' 10 Ill.L.Rev. 461, 470 (1916)." State v. Eichstedt, 20 Conn. App. 395, 403,567 A.2d 1237 (1989) (Berdon, J., dissenting).
The application is dismissed for lack of jurisdiction without prejudice to renew in an evidentiary hearing scheduled for April 20, 1995.
BY THE COURT
CT Page 3655
Levin, J.