[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The claims asserted in the name of the Estate of Rubin Martinez as plaintiff are dismissed for lack of jurisdiction. "An estate is not a legal entity. It is neither a natural nor artificial person, but is merely a name to indicate the sum total of the assets and liabilities of the decedent or incompetent. Bar Association v. Connecticut Bank TrustCo., 20 Conn. Sup. 248, 262 [131 A.2d 646 (1957)]. Not having a legal existence, it can neither sue nor be sued." (Internal quotation marks omitted.) Isaac v. Mount Sinai Hospital, 3 Conn. App. 598, 600,490 A.2d 1024 (1985), cert. denied, 196 Conn. 809 (1985).
The named defendant having been defaulted for failure to appear for trial, judgment may enter against him and in favor of the named plaintiff on the first, second and third counts for one dollar, no actual damages having been proven.
With respect to the fourth count of the complaint, against the defendant MNC Credit, Inc., it does appear that the Home Improvement Installment Contract entered into between the named plaintiff and the named defendant is unenforceable for failure to comply with the Home Solicitation Sales Act, General Statutes § 42-134a et seq., specifically General Statutes § 42-135a. However, the plaintiff failed to file her brief by January 26, 1995, as ordered by the court, and in fact has failed to file any brief to this date. The cause of action, if any, stated in the fourth count is unclear and the relief which the plaintiff seeks against MNC Credit, Inc. — release of a mortgage securing the contract obligations — is sufficiently serious that the court will not endeavor to adjudicate the fourth count without the plaintiff first having briefed her claims. "[A] judge rarely performs his functions adequately unless the case before him is adequately presented." L. Brandeis, "The Living Law," 10 Ill.L.Rev. 461, 470 (1916); see Kelley v.Bonney, 221 Conn. 5549, 586, 605 A.2d 693 (1992); State v. Eichstedt,20 Conn. App. 395, 403, 567 A.2d 1237 (1989), cert. denied, 214 Conn. 806
(1990)(Berdon J., dissenting); cf. Maltbie, Conn. App. Proc. (2d Ed.) § 327. Indeed, for the court to adjudicate the claims of the plaintiff in the fourth count without the plaintiff's brief risks having the court CT Page 3336 become an advocate in the nature of the plaintiff's co-counsel. This the court cannot do. In re Dodson, 214 Conn. 344, 353, 572 A.2d 328 (1990);State v. Fernandez, 198 Conn. 1, 10, 501 A.2d 1195 (1985); Swenson v.Dittner, 183 Conn. 289, 298, 439 A.2d 334 (1981); LaChase v. Sanders,142 Conn. 122, 125, 111 A.2d 690 (1955); State v. Floyd, 10 Conn. App. 361,369, 523 A.2d 1323 (1987), cert. denied, 203 Conn. 804 (1987). Especially since the defendant MNC Credit, Inc. is not seeking to enforce the contract or to foreclose the mortgage, the court will not adjudicate the fourth count on the merits. On the fourth count, the named plaintiff is nonsuited for failure to timely file her brief. Practice Book § 351.[1]
BY THE COURT
Bruce L. Levin Judge of the Superior Court