[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The first count of the plaintiff's amended complaint is CT Page 595 an action against the defendant insurer seeking uninsured motorist benefits. The second count seeks damages for breach of the implied covenant of good faith and fair dealing because the defendant's offer of settlement in the amount of $17,500 "would not reasonably compensate the plaintiff for his injuries and losses and was not made in good faith." The defendant has moved to strike the second count "because there is no cause of action for bad faith until the case in chief has been resolved and judgment has entered in favor of the plaintiff. As such, this claim is premature." The Supreme Court has cautioned that "grounds other than those specified should not be considered by the trial court in passing upon a motion to strike. . . ." Morris v. Hartford Courant Co.,200 Conn. 676, 682 (1986).
I disagree with, or find distinguishable, the cases cited by the defendant in support of its motion. In Richards v.Deaton, Superior Court, judicial district of Danbury, No. 309417 (1993), and Kyle v. Aetna Life Casualty Co., Superior Court, Judicial District of Fairfield, No. 324452 (1988) the courts held that a personal injury plaintiff could not assert a direct action against the tortfeasor's insurer based on the Connecticut Unfair Insurance Practices Act; General Statutes § 38a-816; or the Connecticut Unfair Trade Practices Act, General statutes §42-110a et seq. In Ciarleglio v. Fireman's Fund Ins. Co.,
Superior Court, judicial district of Fairfield, No. 276028 (1993) (Fuller, J.), the court held that a worker's compensation claimant could not assert such actions against a worker's compensation insurer because the employer, not the claimant is the insured in worker's compensation matters. While I view that broad statement as suspect in view of General Statutes § 31-340[1], a sounder basis for such a holding is that the statutory remedies provided within the Worker's Compensation Act for unreasonably contesting a claim are exclusive. See General Statutes § 31-3002[2]; see also General Statutes § 31-288.[3]
The jurisdictions are divided as to whether, for policy reasons, a claim for breach of the covenant of good faith and fair dealing may be joined with an action for uninsured motorist benefits. See 3 No-Fault and Uninsured Motorist Automobile Insurance § 29.40[4]. In fact, there is no unanimity as to whether a claim for bad faith may arise in connection with an uninsured motorist claim. 2 Widiss, Uninsured and Underinsured Motorist Insurance (2d Ed.) § 20.1 et seq.; see also CT Page 596 Shernoff, Gage Levine, Insurance Bad Faith Litigation (Matthew Bender) § 4.03[3]. Here, however, the defendant has not briefed these policy issues. "`[A] judge rarely performs his functions adequately unless the case before him is adequately presented."' L. Brandeis, `The Living Law,' 10 Ill. L. Rev. 461, 470 (1916); see Kelley v. Bonney, 221 Conn. 5549, 586, 605 A.2d 693 (1992);State v. Eichstedt, 20 Conn. App. 395, 403, 567 A.2d 1237
(1989), cert. denied, 214 Conn. 806 (1990) (Berdon J., dissenting); cf. Maltbie, Conn. App. Proc. (2d Ed.) § 327. Indeed, for the court to adjudicate the claims of the [defendant] in the [second] count without the [defendnat [defendant] having adequately briefed the issue] . . . risks having the court become an advocate in the nature of the [defendant's] co-counsel. This the court cannot do. In re Dodson, 214 Conn. 344,353, 572 A.2d 328 (1990); State v. Fernandez, 198 Conn. 1,10, 501 A.2d 1195 (1985); Swenson v. Dittner, 183 Conn. 289,298, 439 A.2d 334 (1981); LaChase v. Sanders, 142 Conn. 122,125, 111 A.2d 690 (1955); State v. Floyd, 10 Conn. App. 361,369, 523 A.2d 1323 (1987), cert. denied, 203 Conn. 804 (1987)."Martinez v. Ciufetelli, Superior Court, judicial district of Fairfield, No. 292068 (1995). For this reason, the motion to strike is denied.
BY THE COURT
Bruce L. Levin Judge of the Superior Court