[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants' motion to dismiss this summary process action raises eight separate grounds. The text of the defendants' supporting memorandum is two pages in length and cites no case law. Practice Book § 143 provides that a motion to dismiss "shall always be filed with a supporting memorandum of law. . . ." Similarly, Practice Book § 204 provides: "A memorandum of law briefly outlining the claims of law and authority pertinent thereto shall be filed and served by the movant with the following motions . . . (b) motions to dismiss except those filed pursuant to Sec. 251. . . ." While brevity in such a memorandum is to be commended, the defendants' memorandum inadequately analyzes the claims advanced in the motion. This is especially true of the defendants' principal grounds that the court lacks jurisdiction over a claim of nonpayment of rent pursuant to an oral "rent to own" agreement[1]y, and that an occupant who also has an beneficial ownership interest cannot be a defendant in a summary process action, and that an occupant who also has an beneficial ownership interest cannot be a defendant in a summary process action. "`[A] judge rarely performs his functions adequately unless the case before him is adequately presented.' L. Brandeis, `The Living Law,' 10 Ill.L.Rev. 461, 470 (1916); see Kelley v. Bonney, 221 Conn. 5549, 586, 605 A.2d 693
(1992); State v. Eichstedt, 20 Conn. App. 395, 403, 567 A.2d 1237
(1989), cert. denied, 214 Conn. 806 (1990) (Berdon J., dissenting); cf. Maltbie, Conn. App. Proc. (2d Ed.) § 327. Indeed, for the court to adjudicate the claims of the [defendants] . . . without the [defendants'] having adequately briefed the issue[s] . . . risks having the court become an advocate in the nature of the [defendants'] co-counsel. This the court cannot do. In re Dodson,214 Conn. 344, 353, 572 A.2d 328 (1990); State v. Fernandez,198 Conn. 1, 10, 501 A.2d 1195 (1985); Swenson v. Dittner,183 Conn. 289, 298, 439 A.2d 334 (1981); LaChase v. Sanders, 142 Conn. 122, CT Page 6372 125, 111 A.2d 690 (1955); State v. Floyd, 10 Conn. App. 361, 369,523 A.2d 1323 (1987), cert. denied, 203 Conn. 804 (1987)." Martinezv. Ciufetelli, Superior Court, judicial district of Fairfield, No. 292068 (1995); Kenny v. Nationwide Mutual Insurance Company, Superior Court, judicial district of Fairfield, No. 328574 (1996).
The defendants' motion to dismiss is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court